152 P.3d 1005 (2007)
STATE of Washington, on behalf of M.M.G., and V.M.G., children, Respondent,
v.
Richard Scott GRAHAM, parent, Petitioner, and
Michele Leann Cunliffe, parent, Respondent.
No. 77858-2.
Supreme Court of Washington, En Banc.
Argued October 24, 2006.
Decided February 1, 2007.
*1006 Catherine Wright Smith, Edwards Sieh Smith & Goodfriend PS, Seattle, WA, for Petitioner.
Jacqueline L. Jeske, King County Prosecutor's Office, Family Support Division, Patricia S. Novotny, Seattle, WA, for Respondent.
FAIRHURST, J.
¶ 1 Richard Scott Graham seeks review of a Court of Appeals opinion reversing the trial court's order modifying his child support transfer payment. He argues that the split residential formula used in In re Marriage of Arvey, 77 Wash.App. 817, 894 P.2d 1346 (1995) applies in situations where parents equally share residential time with their children. He also argues that the Court of Appeals erroneously held that RCW 26.19.020 creates a presumption that a trial court should extrapolate when it exceeds the economic table in determining the basic child support obligation and that the Court of Appeals decision in this case conflicts with previous Court of Appeals decisions. Michele Leann Cunliffe and the State argue that the Arvey formula is not appropriate in shared residential situations. The State also argues that the trial court has discretion to extrapolate when it exceeds the economic table and the Court of Appeals decision in this case does not conflict with other Court of Appeals decisions. Cunliffe requests attorney fees and costs on appeal. This case was heard as a companion case to In re Marriage of McCausland, No. 77890-6, ___ Wash. ___, 152 P.3d 1013, 2007 WL 284170 (Wash. Feb. 1, 2007), on the extrapolation issue.
¶ 2 We affirm the Court of Appeals in part and reverse in part. We affirm the court's holding that the Arvey formula does not apply in shared residential situations. However, in accordance with our reasoning in McCausland, we reverse the court's holding that the trial court has discretion to extrapolate when it exceeds the economic table in determining the basic child support obligation. Extrapolation is merely a mechanical extension of the economic table, and RCW 26.19.001 requires the amount of support to be based on the child's or children's needs, and commensurate with the parents' income, resources, and standard of living.
¶ 3 We grant Cunliffe's request and deny Graham's request for attorney fees and costs on appeal.

I. CHAPTER 26.19 RCW
¶ 4 The legislature's stated intent in enacting chapter 26.19 RCW, the child support schedule statute, was "to insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001 (emphasis added). The legislature also intended the child support obligation to be "equitably apportioned between the parents." Id. (emphasis added).
¶ 5 When the trial court issues a child support order, it begins by setting the "`[b]asic child support obligation.'" RCW 26.19.011(1). The basic child support obligation is generally determined from an economic table in the child support schedule and is based on the parents' combined monthly net income and the number and age of the children. Id.; RCW 26.19.020. The economic table is presumptive for a combined monthly net income of $5,000 or less and advisory but not presumptive for a combined monthly net income of more than $5,000. RCW 26.19.020, .065. However, the table ends at a combined monthly income level of $7,000. Id. If the parents' combined monthly net income is greater than $7,000, the court *1007 may set child support at an amount on the economic table for income between $5,000 and $7,000, or it may exceed the table based on written findings of fact. Id.
¶ 6 After the court determines the basic child support obligation, regardless of whether it applies an amount in the economic table or exceeds the table, it determines the "`[s]tandard calculation,'" which is the presumptive amount of child support owed by the obligor parent to the obligee parent. RCW 26.19.011(8). The court next determines whether it is appropriate to deviate from the standard calculation. RCW 26.19.011(4), (8). The court then orders the obligor parent to pay the resulting amount to the obligee parent  the "`[s]upport transfer payment.'" RCW 26.19.011(9). The trial court has discretion to deviate from the standard calculation based on such factors as the parents' income and expenses, obligations to children from other relationships, and the children's residential schedule. RCW 26.19.075. However, if it deviates from the standard calculation, the court must enter written findings of fact supporting the reasons for the deviation. RCW 26.19.075(3).

II. STATEMENT OF THE CASE
¶ 7 Graham and Cunliffe are divorced and have two daughters, ages 17 and 15. State ex rel. M.M.G. v. Graham, 123 Wash.App. 931, 933, 99 P.3d 1248 (2004). Under the 1996 parenting plan (1996 Plan), the children spend equal amounts of time with their parents on alternating weeks. Because the parents' combined monthly net income did not exceed $7,000 at the time of the 1996 Plan, the court did not exceed the economic table in the child support schedule. However, it did deviate from the standard calculation because the children spend significant time with Graham and because it determined that the deviation did not leave Cunliffe with insufficient funds to meet the children's needs. After making adjustments for special expenses paid by Graham, each parent's share of extraordinary expenses, and child support credits, it determined that the standard calculation for Graham's support transfer payment was $872.33. However, after accounting for the deviations, the court reduced the support transfer payment to $300. The following table demonstrates the court's calculation. See Clerk's Papers (CP) at 131-33.

 --------------------------------------------------------------------
 Graham Cunliffe Combined
 --------------------------------------------------------------------
 Monthly net income $4,624.80 $1,538.00 $6,162.80
 --------------------------------------------------------------------
 Proportional share of income .75 .25
 --------------------------------------------------------------------
 Basic child support obligation $1,033.50 $344.50 $1,378.00
 --------------------------------------------------------------------
 Adjustments + $276.83 + $92.27
 --------------------------------------------------------------------
 Child support credits - $438.00 $0
 --------------------------------------------------------------------
 Standard calculation $872.33 $436.77
 --------------------------------------------------------------------
 Support transfer payment $300.00
 --------------------------------------------------------------------

¶ 8 In 2002, the State petitioned for modification of child support because the parents' incomes had changed, one of the children had moved into a new age category on the child support schedule, and the prior child support order was more than two years old.[1] In response, Graham asked the court to modify his support transfer payment by applying the formula used in Arvey, which involved an arrangement in which each parent had residential *1008 time with one of the two children. 77 Wash.App. at 819, 894 P.2d 1346. Cunliffe argued that Arvey does not apply because that case involved splitting the children whereas this case involves splitting the residential time that both children spend with the parents. The State supported Cunliffe and further argued that the trial court should determine the basic child support obligation by extrapolating from the economic table.
¶ 9 The commissioner declined to apply Arvey to situations in which the parents equally share residential time with their children. He also concluded it was appropriate to extrapolate the basic child support obligation when it exceeds the economic table. The commissioner estimated the parents' 2002 combined monthly net income to be $8,801. He determined the basic child support obligation by extrapolation and, after making adjustments for special expenses paid by Graham, each parent's share of extraordinary expenses, and child support credits, arrived at a standard calculation of $1,629. He then deviated from the standard calculation by cutting it approximately in half. The commissioner justified the deviation on the grounds that the children spend half their residential time with Graham and the deviation downward did not leave Cunliffe's household with insufficient income to meet the children's basic needs. The following table demonstrates the commissioner's calculation. See CP at 213, 219-20.

 -------------------------------------------------------------------
 Graham Cunliffe Combined
 -------------------------------------------------------------------
 Monthly net income $6,654.00 $2,156.00 $8,801.00
 -------------------------------------------------------------------
 Proportional share of income .755 .245
 -------------------------------------------------------------------
 Basic child support obligation $1,795.00 $583.00 $2,378.00
 -------------------------------------------------------------------
 Adjustments +$144.00 +$47.00
 -------------------------------------------------------------------
 Child support credits -$310.00 $0.00
 -------------------------------------------------------------------
 Standard calculation $1,629.00 $630.00
 -------------------------------------------------------------------
 Support transfer payment $800.00
 -------------------------------------------------------------------

¶ 10 Graham filed a motion with the trial court to revise the commissioner's ruling, claiming that the amount awarded by the commissioner created a "substantial surplus in the mother's household and a substantial deficit in the father's household." CP at 227. He also claimed the commissioner erred in declining to apply the principles of Arvey. The trial court calculated a higher combined monthly net income[2] but declined to extrapolate from the economic table to determine the basic child support obligation. It concluded that the principles of Arvey applied in lieu of a deviation because each parent provides a home to both children. Therefore, it reduced the standard calculation by half and subtracted Cunliffe's obligation from Graham's to reflect that both parents are both obligors and obligees. The resulting support transfer payment was $403. The following table demonstrates the trial court's calculation. See CP at 240-43.

 ----------------------------------------------------------------------------------------
 Graham Cunliffe Combined
 ----------------------------------------------------------------------------------------
 Monthly net income $8,018.21 $2,156.00 $10,174.21
 ----------------------------------------------------------------------------------------
 Proportional share of income .788 .212
 ----------------------------------------------------------------------------------------
 Basic child support obligation $1,349.84 $363.16 $1,713.00
 ----------------------------------------------------------------------------------------
 Extraordinary expenses +$176.79 +$47.56
 ----------------------------------------------------------------------------------------
 Child support credits -$310.00 $0
 ----------------------------------------------------------------------------------------
 Standard calculation $1,216.63 $410.72
 ----------------------------------------------------------------------------------------
 Arvey adjustment .5 × $1,216.63=$608.32 .5 × $410.72=$205.36
 ----------------------------------------------------------------------------------------
 Support transfer payment $608.32-$205.36=$403.00
 ----------------------------------------------------------------------------------------

*1009 ¶ 11 Cunliffe filed a motion for reconsideration that was denied, although the trial court increased the support transfer payment to $455 because one of the children had moved into a new age category on the child support schedule. Cunliffe appealed, arguing that Arvey applies only to split, not shared, residential arrangements and that extrapolation was appropriate to ensure the children's basic needs are satisfied. Cunliffe also requested attorney fees and costs on appeal under RCW 26.09.140.
¶ 12 The Court of Appeals reversed the trial court's decision that Arvey applies in situations where the parents share residential time with the children. Graham, 123 Wash.App. at 940, 99 P.3d 1248. It concluded that Arvey only provides a method of determining child support where each parent has primary residential care of one or more child, noting that Arvey expressly distinguished such situations from the equal residential situation presented here. Id. at 939-40, 99 P.3d 1248 (citing Arvey, 77 Wash.App. at 823, 894 P.2d 1346). It also stated that RCW 26.19.020 "grants the court express authority to exceed by extrapolation the amount calculated in the child support schedule when the parents' combined net monthly incomes exceed $7,000," but "the trial court retains discretion to decide whether or not to extrapolate." Graham, 123 Wash.App. at 942, 99 P.3d 1248. Nevertheless, it concluded the entire child support burden should not be placed on one parent when both parents share residential time with both children. Id. at 940-41, 99 P.3d 1248.
¶ 13 The Court of Appeals remanded to the trial court with instructions "for recalculation of the basic child support obligation and consideration of any deviation not based on Arvey that the court deems appropriate." Id. at 941, 99 P.3d 1248. It also instructed the trial court to enter findings of fact to support a deviation. Id. It left the determination of whether to extrapolate from the economic table to the discretion of the trial court on remand. Id. at 942, 99 P.3d 1248. The court awarded attorney fees and costs to Cunliffe because it concluded she had substantially prevailed on appeal and showed need. Id. at 943, 99 P.3d 1248. We granted Graham's petition for review. State ex rel. M.M.G. v. Graham, 157 Wash.2d 1008, 139 P.3d 349 (2006). Graham requested attorney fees and costs in his petition to this court.

III. ISSUES
A. Should the trial court apply the Arvey split custody formula to allocate the child support obligation where the parents equally share residential time with their children?
B. Does RCW 26.19.020 create a presumption that a trial court should extrapolate when it exceeds the economic table?
C. Should we grant either party's request for attorney fees and costs on appeal?

IV. ANALYSIS
¶ 14 In this case, we interpret the child support schedule statute, chapter 26.19 RCW, and determine if the trial court abused its discretion in modifying an order of child support.
¶ 15 Statutory meaning is a question of law that we review de novo. In re Parentage of J.M.K., 155 Wash.2d 374, 386-87, 119 P.3d 840 (2005) (citing King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd., 142 Wash.2d 543, 555, 14 P.3d 133 (2000); Dioxin/Organochlorine Ctr. v. Pollution Control Hr'gs Bd., 131 Wash.2d 345, 352, 932 P.2d 158 (1997)). The court's primary goal in construing a statute is to determine and give effect to the legislature's intent. Am. Cont'l Ins. Co. v. Steen, 151 Wash.2d 512, 518, 91 P.3d 864 (2004) (citing State v. Watson, 146 Wash.2d 947, 954, 51 P.3d 66 (2002)). We generally begin our analysis with the text of the statute. Id. If the text is clear and unambiguous on its face, we do not resort to statutory construction principles, such as legislative history, "even if we believe the legislature intended something else but did not adequately express it." Id. A statute is ambiguous only if it can be reasonably interpreted in more than one way and we do not try to discern "`an ambiguity by imagining a variety of alternative interpretations.'" Id. (quoting W. Telepage, Inc. v. City of Tacoma, 140 Wash.2d 599, 608, 998 P.2d 884 (2000)).
*1010 ¶ 16 A party moving to modify child support bears the burden of showing a substantial change in circumstances. In re Marriage of Leslie, 90 Wash.App. 796, 802, 954 P.2d 330 (1998). A reviewing court will not reverse the trial court's decision absent a manifest abuse of discretion. Id. Moreover, the "reviewing court cannot substitute its judgment for that of the trial court unless the trial court's decision rests on unreasonable or untenable grounds." Id. at 802-03, 954 P.2d 330.
A. The Arvey split residential formula does not apply in shared residential situations
¶ 17 Graham argues chapter 26.19 RCW does not adequately guide the trial court in calculating the child support obligation where parents share residential time with their children. He claims the Arvey split residential time with formula should be applied in shared residential situations by analogy.[3] He claims that both situations require the parents to incur equivalent residential costs and that the parents should be considered both obligor and obligee. Cunliffe and the State respond that different economies are at play in shared residential custody arrangements than in split residential arrangements.[4]
¶ 18 In Arvey, the mother originally had primary residential care of the couple's two children, but the parents subsequently entered into an agreement making the father *1011 the primary residential caretaker of one of the children. 77 Wash.App. at 819, 894 P.2d 1346. The father petitioned the court to modify his child support transfer payment to reflect the change in residential arrangements. Id. The court concluded Washington's child support schedule statute does not provide a method for calculating child support where each parent is the primary residential caretaker of one or more of the children and it was necessary for the court to devise a means of "apportioning" the total amount of child support. Id. at 825, 894 P.2d 1346.
¶ 19 Arvey considered a prior case from Division One, which held that in split residential cases the trial court should apply the basic child support obligation and then determine whether to deviate from that amount based on the children's residential arrangements. Id. (citing In re Marriage of Oakes, 71 Wash.App. 646, 861 P.2d 1065 (1993)). While noting that reasoning in Oakes was "essentially sound," Arvey nevertheless concluded that in split residential cases, the court must also ensure the child support obligation is fairly apportioned.[5] Arvey, 77 Wash. App. at 825, 894 P.2d 1346. It reasoned that it was appropriate to reduce each parent's obligation by half to reflect the fact that each bears an equivalent residential support burden and to net the support transfer payment to reflect the fact that both are obligors and obligees. Id. The following table demonstrates that calculation. See id. at 825-26, 894 P.2d 1346.

------------------------------------------------------------------------------------------------
 Father Mother Combined
------------------------------------------------------------------------------------------------
Monthly net income $3,995.47 $2,015.15 $6,010.62
-------------------------------------------------------------------------------------------------
Proportional share of income .665 .335
-------------------------------------------------------------------------------------------------
Basic child support obligation $1,340.00
-------------------------------------------------------------------------------------------------
Standard calculation $1,340.00 × .665=$891.10 $1,340.00 × .335=$448.90
-------------------------------------------------------------------------------------------------
Split residence adjustment .5 × $891.10=$445.55 .5 × $448.90=$224.45
-------------------------------------------------------------------------------------------------
Net support transfer payments $445.55-$224.45=$221.10
-------------------------------------------------------------------------------------------------

¶ 20 We conclude that the Arvey formula does not apply in shared residential situations for two reasons.
¶ 21 First, in a split residential situation, each parent has residential time with one or more children. If the children are different ages or have different needs, the parents' respective burdens are different and the child support obligation must take those differences into account, a fact the Arvey court acknowledged but did not resolve. 77 Wash. App. at 819, 894 P.2d 1346. Conversely, in shared residential situations, both parents are responsible for the same children and the same needs.
¶ 22 Second, the plain text of RCW 26.19.075 gives the trial court discretion to deviate from the basic child support obligation based on a variety of factors, one of which is the amount of residential time the children spend with the parents. A court will not read things into a statute that are not there. Cerrillo v. Esparza, 158 Wash.2d 194, 201, 142 P.3d 155 (2006) (citing Kilian v. Atkinson, 147 Wash.2d 16, 20, 50 P.3d 638 (2002)). Because the statute explicitly gives *1012 the trial court discretion to deviate from the basic child support obligation based on the facts of a particular case, a specific formula is neither necessary nor statutorily required to ensure the parents' child support obligation is properly allocated.
¶ 23 We affirm the Court of Appeals and hold the Arvey split residential formula does not apply in shared residential situations.
B. The trial court may not use extrapolation when it exceeds the economic table in the child support schedule
¶ 24 Graham argues the Court of Appeals erroneously concluded RCW 26.19.020 creates a presumption that a trial court should extrapolate when it exceeds the child support schedule.[6] He contends that the court's ruling in this case conflicts with other rulings of Division One of the Court of Appeals and that the divisions of the Court of Appeals have issued conflicting rulings regarding extrapolation. The State argues the trial court has discretion to extrapolate and disputes Graham's claim that the court's ruling in this case conflicted with any other decisions of the Court of Appeals.[7]
¶ 25 In McCausland, No. 77890-6, slip op. at 16, ___ Wash. ___, 152 P.3d 1013, 2007 WL 284170 we held that the trial court may not use extrapolation when it exceeds the economic table in the child support schedule because extrapolation is merely a mechanical extension of the economic table, and RCW 26.19.020 requires the amount of support to be based on the child's or children's needs, and commensurate with the parents' income, resources, and standard of living. In light of that holding, we reverse the Court of Appeals decision that the trial court has discretion to extrapolate and remand for further proceedings consistent with this opinion.
C. Attorney fees and costs on appeal
¶ 26 Cunliffe requested attorney fees and costs at the Court of Appeals under RCW 26.09.140 and RAP 18.1. Opening Br. of Appellant at 11-12; Reply Br. of Appellant at 10. The Court of Appeals granted Cunliffe's request because it concluded she substantially prevailed on appeal and showed need. Graham, 123 Wash.App. at 943, 99 P.3d 1248. Graham asks for attorney fees and costs for the first time in his petition for review at this court but does not cite the basis for his request. Pet. for Review at 15.
¶ 27 RCW 26.09.140 allows the court to order one party to a marriage dissolution action to pay attorney fees and costs to the other party for "enforcement or modification proceedings after entry of judgment." Under RAP 18.1, a party has a right to recover reasonable attorney fees or expenses on review before the Supreme Court if granted by applicable law. The party must request fees and costs in its opening brief, but a request made at the Court of Appeals is considered a continuing request at the Supreme Court. RAP 18.1(b).
¶ 28 We grant Cunliffe's request for attorney fees and costs on appeal because she made the request at the Court of Appeals and it is continuing at this court, she substantially prevailed on appeal, and the Court of Appeals determined she showed need. We deny Graham's request for attorney fees and costs because he did not substantially *1013 prevail on appeal and he did not cite a basis for his request in his petition for review.

V. CONCLUSION
¶ 29 We affirm the Court of Appeals in part and reverse in part. We affirm the court's holding that the Arvey split residential formula does not apply in shared residential situations. RCW 26.19.075 gives the trial court discretion to deviate from the basic child support obligation based on the facts of a particular case and a specific formula is not necessary or statutorily required to ensure the parents' child support obligation is properly allocated. Given our holding in McCausland, we reverse the Court of Appeals decision that the trial court has discretion to extrapolate when it exceeds the economic table in the child support schedule. Extrapolation is merely a mechanical extension of the economic table, and RCW 26.19.020 requires the amount of support to be based on the child's or children's needs, and commensurate with the parents' income, resources, and standard of living. We grant Cunliffe's request and deny Graham's request for attorney fees and costs on appeal.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, and TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, RICHARD B. SANDERS, JAMES M. JOHNSON, and BOBBE J. BRIDGE, JJ.
NOTES
[1] Following oral argument, Cunliffe filed a motion for additional evidence and her declaration in support of the motion, citing RAP 9.11, requesting permission to submit evidence of her family's public assistance history and the history behind Graham's original child support obligation. She argued that the court should consider the evidence because members of the court had asked questions at oral argument regarding the State's authority to petition for modification of the child support order and the basis for Graham's original child support obligation. However, the additional evidence does not clarify the court's concerns regarding the State's authority to petition the court for modification of a child support order or address the substantive issue presented by the case regarding the method the trial court used to modify the child support obligation. Therefore, it is irrelevant to our decision and we deny the motion.
[2] The parties do not challenge the trial court's recalculation of the combined monthly net income.
[3] Graham also argues the trial court inappropriately determined he was the obligor because he makes more income rather than because the parents share residential time with the children. He asserts that the presumptive obligor under chapter 26.19 RCW is the parent with whom the children spend the majority of time. Cunliffe argues that Washington does not provide for joint residential time as do other states and the presumptive obligor is the parent with the highest income. In fact, neither is correct. Although the child support worksheet suggests the parent with the higher income is the obligor parent, the obligation may be reduced if the children spend a significant portion of time with that parent. Moreover, the trial court has discretion to order both parents to pay child support if required. In re Marriage of Holmes, 128 Wash.App. 727, 739, 117 P.3d 370 (2005). In any case, there is no evidence in the record that the trial court determined Graham was the obligor based solely on his income level.
[4] In her supplemental brief, Cunliffe alternatively argues that by reducing Graham's support transfer payment because the children spend half their time with him, the court ignores the fact that both households' costs have increased and claims the court should increase the total residential child support burden, citing a model recommended by the American Law Institute (ALI). Am. Law Inst., Principles of the Law of Family Dissolution: Analysis and Recommendations § 3.08, 481-82 (2000). The following table demonstrates how the ALI model would apply using the trial court's calculation of the combined monthly net income and the basic child support obligation in this case. See supra at p. ___.

------------------------------------------------------------------------------------------------
 Father Mother Combined
------------------------------------------------------------------------------------------------
Monthly net income $8,018.21 $2,156.00 $10,174.21
------------------------------------------------------------------------------------------------
Proportional share of income .788 .212
------------------------------------------------------------------------------------------------
Basic child support obligation $1,713.00
------------------------------------------------------------------------------------------------
Standard calculation $1,349.84 $363.16
------------------------------------------------------------------------------------------------
Cost of providing dual
households 1.5 × $1,349.84=$2,024.76 1.5 × $363.16=$544.74 $2,569.50
------------------------------------------------------------------------------------------------
Percentage of time children
spend in each household .5 × $2,024.76=$1,012.38 .5 × $544.74=$272.37
------------------------------------------------------------------------------------------------
Support transfer payment $740.01
------------------------------------------------------------------------------------------------

Graham claims the ALI model is inconsistent with Washington's child support schedule because Washington's schedule already considers certain fixed costs and an increase in the total obligation would cause a disparity in household income between the parents. However, he also argues that because Cunliffe raised her argument about the ALI principles for the first time at the Court of Appeals, this court should not consider them.
We decline to reach Cunliffe's new argument because she did not fully discuss it until her supplemental brief to this court and because the Washington child support schedule statute already gives the trial court discretion to arrive at an equitable child support obligation based on the parents' respective incomes and residential burdens.
[5] Washington Practice notes that the child support schedule statute's failure to provide for split or equal residential arrangements results in contradictory results and suggests that in such situations the court should not treat one parent as the primary residential parent and the other as the child support obligor. 20 Kenneth W. Weber, Washington Practice: Family and Community Property Law § 37.6, at 428-30, 428 n. 12, 429 nn. 13-14 (1997). It is not clear that the lack of a formula for determining child support obligations leads to contradictory results. In Oakes, the court calculated a support transfer payment of $272.44 by subtracting the mother's standard calculation from the father's to reflect the fact that both parents were both obligors and obligees. If the court had applied a formula similar to the one used in Arvey, the support transfer payment would have been cut in half to reflect the fact that each parent was the primary residential caretaker of one child. But RCW 26.19.020 explicitly grants the trial court discretion to achieve the same objective by deviating from the basic child support obligation.
[6] Graham also claims the Court of Appeals in this case improperly characterized a child support obligation that exceeds the economic table as a "`deviation'" rather than "extrapolation." Pet. for Review at 11-13; Suppl. Br. of Pet'r at 5-7. He is correct that these two words have disparate meanings and are not interchangeable. Whereas "extrapolate" means "to infer from a trend within an already observed interval . . .: calculate from the terms of a known series," "deviate" means "to diverge or turn aside: veer esp. from an established way or toward a new direction." Webster's Third New International Dictionary 618, 807 (2002). However, Graham misconstrues the court's use of the two words. The court referred to "extrapolation" in relation to the trial court's decision to exceed the economic table in the child support schedule where the parents' combined monthly net income exceeds $7,000 and there is no advisory basic child support amount to apply. Graham, 123 Wash.App. at 941-42, 99 P.3d 1248. It referred to "deviation" in relation to the downward adjustment a court makes to the standard calculation to reflect the fact that the child spends a significant amount of time with that parent. Id. at 941, 99 P.3d 1248.
[7] Cunliffe did not respond to Graham's arguments regarding extrapolation.