# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN RE MARRIAGE OF | ) | No. 73194-7-I |
| | ) | |
| HEIDI MARIE WELBORN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| and | ) | |
| | ) | |
| JOSHUA CONRAD WELBORN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 14, 2016 |

SPEARMAN, C.J. — Joshua Conrad Welborn appeals an order of child support. He argues that the trial court erred in its calculations, failed to consider the parents' shared residential custody, and failed to credit him for child health insurance expenses. He also challenges various property divisions entered as part of the decree of dissolution. Finding no error, we affirm.

## FACTS

Welborn and Heidi Marie McKinnon (formerly Welborn) married in 1996. They have three children. Welborn and McKinnon separated in 2014. Under an agreed parenting plan, each parent has residential custody of the children half of the time.

Welborn and McKinnon divorced in 2015. The trial court entered findings of fact and conclusions of law after a two-day trial. The court found that the

parties had no separate property. The court divided the parties' community assets and liabilities. The trial court determined child support according to the standard calculation and ordered Welborn to pay $345.16 per month.

Welborn appeals the order of child support and the property division. In addition to the clerk's papers, Welborn submitted to this court trial exhibits 112, 114, and 124 and excerpts from the verbatim report of proceedings.

## DISCUSSION

We review a trial court's order of child support for abuse of discretion. In re Marriage of Schnurman, 178 Wn. App. 634, 638, 316 P.3d 514 (2013) reviewed denied, 180 Wn.2d 1010 (2014) (citing In re Marriage of Booth, 114 Wn.2d 772, 776, 791 P.2d 519 (1990)). A trial court abuses its discretion if its decision is unreasonable or rests on untenable grounds. Id.

To issue a child support order, the trial court begins by setting the basic child support obligation. RCW 26.19.011(1). The basic child support obligation is based on the parents' combined monthly net income and the number and ages of the children. RCW 26.19.020. The trial court determines the standard calculation, which is the presumptive amount of child support owed by the obligor parent. RCW 26.19.011(8). The trial court then has discretion to deviate from the standard calculation based on factors such as the parents' income and expenses and the children's residential schedule. RCW 26.19.075. If the trial court deviates from the standard formula, it must enter written findings of fact supporting the deviation. RCW 26.19.075(3).

2

In this case, the trial court used the Washington State Child Support Schedule Worksheets to calculate the basic child support obligation. Based on the parties' proportional share of income, the court determined that the standard calculation required Welborn to pay $345.16. Under the heading "Reasons for Deviation from Standard Calculation," the trial court noted that the children are scheduled to live equally with each parent. Clerk's Papers (CP) at 50. However, the trial court did not deviate from the standard calculation and ordered Welborn to pay child support of $345.16 per month.

Welborn argues that the trial court erred because it failed to offset his support obligation by the proportion of time he has residential custody of the children and by his expenses in providing health insurance for the children. He also asserts that the trial court erred in its calculations. His arguments are without merit.

Welborn first argues that the trial court should have applied the formula established in In re Marriage of Arvey, 77 Wn. App. 817, 894 P.2d 1346 (1995), to offset his child support obligation by the proportion of time he has residential custody of the children. Welborn is mistaken because Arvey applies to split custody arrangements where each parent has residential custody of one child. Arvey, 77 Wn. App. at 825. Arvey does not apply in cases of shared residential custody. State ex rel. M.M.G. v. Graham, 159 Wn.2d 623, 636, 152 P.3d 1005 (2007). When the parents share residential custody, the trial court has discretion to deviate from the standard calculation based on the amount of residential time the children spend with each parent. Id. The trial court in this instance ordered

3

Welborn to pay the standard calculation as determined by statute. There was no abuse of discretion.

Welborn next argues that the trial court erred in not offsetting his child support obligation by the cost of health insurance for the children. But he provides no authority supporting his argument that the trial court was required to reduce his child support obligation by the amount that he pays for the children's portion of his health insurance premium. The authority Welborn does cite, the Washington State Child Support Schedule Definitions and Standards,[1] states that health care costs are not included in the economic table and are to be shared by the parents in the same proportion as the basic support obligation. We reject Welborn's argument as unsupported.[2]

Finally, Welborn argues that his monthly child support payments would have been significantly lower if the trial court had input the correct numbers on the Washington State Child Support Schedule Worksheets. But because Exhibit (Ex.) 115 is not in the record before this court, we cannot consider Welborn's argument.

Welborn next argues that the trial court erred in its division of property. The trial court found that the parties had no separate property and included Welborn's retirement accounts in its list of community property. In making a

---

[1] Available at: https://www.courts.wa.gov/forms/documents/WSCSS_Schedule2015.pdf

[2] Welborn also appears to dispute the cost of his employer-based health insurance. He argues that Ex. 101 shows that he paid approximately $350 per month for the children's portion of his health care premium, not the $116 per month stated by the trial court. Because Welborn has not included Ex. 101 in the record before this court, we are unable to address this argument.

property division, the trial court must determine the nature and extent of the parties' community and separate property. RCW 26.09.080. See White v. White, 105 Wn. App. 545, 549-50, 20 P.3d 481 (2001) (discussing characterization and division of property). The court has broad discretion to "make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors. . . ." RCW 26.09.080. We review a trial court's findings of fact for substantial evidence and its division of property for manifest abuse of discretion. In re Marriage of Rockwell, 141 Wn. App. 235, 242-43, 170 P.3d 572 (2007). A manifest abuse of discretion may be found where the trial court's decree results in an obvious disparity in the parties' economic circumstances. Id. at 243.

Welborn asserts that the court erred in characterizing two of his retirement accounts in their entirety as community property because only 31 percent of these accounts were funded during the marriage. McKinnon argues that the trial court properly characterized these accounts as community property because they were funded during the time that Welborn and McKinnon cohabited before they married.

We are unable to review the trial court's finding of fact for substantial evidence because the entire record is not before us. We note, however, that regardless of whether the accounts were community or separate property, the trial court had discretion to divide them. Welborn has offered no evidence that the trial court's division was a manifest abuse of discretion.

Welborn next argues that the trial court erred in failing to equally divide a $6,000 social security disability payment awarded to the children and received by McKinnon before the parties separated. Welborn makes no argument that the trial court abused its discretion or that the award resulted in an obvious economic disparity between the parties. To the extent Welborn challenges the factual basis of the trial court's division, we reject his challenge because he failed to provide a verbatim report of proceedings sufficient to review the trial court's findings.

Finally, Welborn argues that the spreadsheet attached to the trial court's findings of fact and conclusions of law does not accurately reflect the payments ordered or the amount of McKinnon's credit card payments and retirement account. He asserts that the allegedly incorrect spreadsheet constitutes legal error that require reversal of the trial court's findings.

The amount of McKinnon's credit card payments and retirement accounts are questions of fact that we are unable to review on the record before us. Welborn is correct that the trial court ordered McKinnon to make a payment that is not reflected in the spreadsheet. The trial court ordered McKinnon to make two separate payments of $12,000 to Welborn. First, it ordered her to pay $12,000 from her Fidelity Roth IRA to Welborn's Fidelity Roth IRA. This award is reflected on the spreadsheet attached to the findings of fact. The trial court also ordered McKinnon to pay Welborn an additional $12,000 within the next 180 days as an award in lieu of a share of McKinnon's Public Employees' Retirement System (PERS) account and as an adjustment to the credit card liabilities owed by the parties. This second payment of $12,000 is not reflected on the spreadsheet.

The second payment of $12,000 ordered by the court is apparently not included in the spreadsheet because it is not a division of property but a debt owed to Welborn that McKinnon may satisfy out of any of her property. In any case, the fact that the sum does not appear on the spreadsheet does not relieve McKinnon of the order to pay the amount to Welborn. The absence of the sum on the spreadsheet is not legal error.

Affirmed.

WE CONCUR:

_Spelman, C.J._

_Schindler, J._          _Becker, J._