**FILED**
**JUNE 15, 2017**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 34090-2-III |
| | ) | |
| ASHLEY C. EIERDAM, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| BENJAMIN F. EIERDAM, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Benjamin Eierdam appeals an order of child support, that was

entered as part of his marital dissolution decree. We affirm.

## FACTS

Ashley and Benjamin Eierdam were married in November 2006 and separated in

July 2014. They have three minor children. The couple agreed to a parenting plan in

which they share equal residential time with the children throughout the year.

Following a contested dissolution trial, the court divided property[1] and determined

child support. In calculating the parties' child support obligations, the trial court found

Mr. Eierdam's monthly net income to be $2,674.46 and Ms. Eierdam's to be $1,314.56.

Ms. Eierdam's income was imputed. The court determined Mr. Eierdam to be the obligor

parent. Using the standard calculation for child support obligations, the court ordered Mr.

Eierdam to pay Ms. Eierdam a monthly transfer payment of $765.00. Mr. Eierdam

requested a residential credit based on the shared residential situation. The court denied

this request, finding the "circumstance is not set and [the] parties['] income is not

equitable." Clerk's Papers (CP) at 205. Mr. Eierdam appeals.

## ANALYSIS

*Standard of review*

This court reviews child support awards, including a decision whether to impute

income and whether to grant a deviation, for an abuse of discretion. *In re Marriage of*

*Pollard*, 99 Wn. App. 48, 52-53, 991 P.2d 1201 (2000); *In re Parentage of O.A.J.*, 190

Wn. App. 826, 831, 363 P.3d 1 (2015). To adequately exercise its discretion, the trial

court must take into consideration all factors bearing on the children's needs and the

---

[1] The property division is not at issue in this appeal.

parents' ability to pay. *Pollard*, 99 Wn. App. at 52. As a whole, the child support order should meet each child's basic needs and provide any "'additional child support commensurate with the parents' income, resources, and standard of living.'" *Id.* (quoting RCW 26.19.001). In order to facilitate these goals, the legislature has directed that the child support obligation be "'equitably apportioned between the parents.'" *Id.* (quoting RCW 26.19.001).

## *Imputation of income*

Mr. Eierdam first argues the trial court erred by imputing income to Ms. Eierdam at minimum wage. He contends the court failed to consider Ms. Eierdam's higher historical rate of pay.

When a trial court issues a child support order, it begins by setting the basic support obligation, which is based in part on the parents' combined monthly net income. RCW 26.19.011(1), .020. When assessing the income and resources of each household, the court must impute income to a parent when that parent is "voluntarily unemployed or voluntarily underemployed." RCW 26.19.071(6). The statute sets forth an order of priority for determining imputed income. *Id.* Under the terms of the statute, a parent's current rate of pay has priority over historic earnings. *Id.*

3

During trial, it was established that Ms. Eierdam's current rate of pay was minimum wage, at the time $9.48 per hour. Under the terms of the statute, this is the preferred rate for imputing income. Nevertheless, Mr. Eierdam argues the trial court ignored Ms. Eierdam's historical rate of pay of $12.00 per hour when selecting the proper rate of imputed income. We disagree. While the court noted Ms. Eierdam had previously held a job paying $12.00 per hour, it also recognized that job lasted "just a matter of months." 2 Verbatim Report of Proceedings (VRP) (Nov. 16, 2015) at 230. Ms. Eierdam has very little employment history. When she has worked she has generally earned minimum wage. There was no abuse of discretion in utilizing Ms. Eierdam's current rate of pay in determining imputed income.

*Child support*

Regarding child support, Mr. Eierdam first contends this court should revisit how child support is determined in the context of shared residential schedules. We decline this invitation. Our courts have previously upheld the standard child support schedules in the context of shared custody. *State ex rel. M.M.G. v. Graham*, 159 Wn.2d 623, 638, 152 P.3d 1005 (2007); *In re Marriage of Schnurman*, 178 Wn. App. 634, 639-43, 316 P.3d 514 (2013). The established rule is that any inequities arising in shared residential situations can be adequately addressed by deviations from the standard schedules. *Id.*

We find no reason to depart from these authorities.

Mr. Eierdam next contends the trial court's failure to deviate downward for his support obligation and its deviation to $0 in support for Ms. Eierdam was inequitable and constituted an abuse of discretion. He also argues the court failed to enter sufficient findings of fact regarding the deviation. Mr. Eierdam's concerns are not persuasive.

Mr. Eierdam has not established the trial court abused its discretion in setting forth the parties' support obligations. Ms. Eierdam's obligation was set at $0, not based on a deviation, but because she was designated the obligee parent. This designation was within the court's discretion. *In re Parentage of A.L.*, 185 Wn. App. 225, 242, 340 P.3d 260 (2014). In addition, the trial court carefully considered both parties' circumstances prior to ruling on Mr. Eierdam's deviation request. The trial court recognized Ms. Eierdam was receiving substantial support from her father. However, the court was concerned there was no assurance this support would continue. 2 VRP (Nov. 16, 2015) at 239. Based on the parties' disparate incomes and the uncertainty of continued support from Ms. Eierdam's father, the court found that the "circumstance is not set and [the] parties['] income is not equitable," denying Mr. Eierdam's deviation request. CP at 205. The court's finding was supported by substantial evidence and satisfied governing statutory requirements, RCW 26.19.035(2) and RCW 26.19.075(3).

5

No. 34090-2-III
*In re Marriage of Eierdam*

## CONCLUSION

The decree of dissolution and order of child support are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, A.C.J.                              Siddoway, J.

6