
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of | ) No. 75597-8-I |
| | ) consolidated with |
| MARYAM JAVAN, | ) No. 75336-3-I |
| | ) |
| Respondent, | ) |
| | ) |
| and | ) |
| | ) UNPUBLISHED OPINION |
| AMIN KHANOF, | ) |
| | ) FILED: June 11, 2018 |
| Appellant. | ) |

VERELLEN, J. — Amin Khanof challenges various provisions of the parenting plan and child support order entered when the trial court dissolved his marriage to Maryam Javan. Khanof also challenges the court's order compelling discovery. But Khanof has not provided an adequate record for review nor meaningful argument supported by pertinent legal authority. He also fails to demonstrate any abuse of discretion. We affirm.

## FACTS

Khanof and Javan were married in 2010. Javan filed for a divorce in 2015. They have one child in common. On April 8, 2016, the court entered an order compelling discovery when Khanof failed to respond to interrogatories. The court

entered judgment against Khanof for $750. On April 29, 2016, the court denied Khanof's motion to reconsider.

On June 13, 2016, the court entered orders dissolving the marriage and providing for the care and support of the child. On July 1, 2016, the court denied Khanof's motion to reconsider the parenting plan and child support order.

Khanof appeals.[1]

## ANALYSIS

As a threshold matter, we note that most of the factual allegations and legal argument in Khanof's briefing are unsupported by any meaningful reference to the record or relevant authority, in violation of the Rules of Appellate Procedure (RAP).[2] This court generally will not consider arguments unsupported by pertinent authority, references to the record, or meaningful analysis.[3] Additionally, the party seeking review has the burden of perfecting the record so the reviewing court has

---

[1] In Khanof's notice of appeal filed August 1, 2016, he designates the "Parenting Plan order and Child support order entered on May 18 and July 19th, 2016." The court entered the parenting plan and child support order on June 13, 2016. No parenting plan entered on May 18, 2016 appears in the record before this court. And no child support order entered on July 19, 2016 appears in the record before this court.

[2] See RAP 10.3(a)(5) ("Reference to the record must be included for each factual statement."); RAP 10.3(a)(6) (Legal argument in the brief must include "citations to legal authority and references to relevant parts of the record.").

[3] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

before it all relevant evidence.[4]  An insufficient record on appeal precludes review of the assigned error.[5]

Although we recognize both parties are self-represented on appeal, we hold such litigants to the same standard as an attorney.[6]  These deficiencies present substantial obstacles to our consideration of Khanof's appeal.  His appeal fails for lack of citations to an adequate record, pertinent legal authority, and meaningful argument.  Additionally, he fails to establish any abuse of discretion.

## I. Child Support Order

Khanof challenges various provisions of the child support order.

We review child support orders for abuse of discretion.[7]  A trial court abuses its discretion if it bases its ruling on unreasonable or untenable grounds.[8]  "In considering appeals regarding the setting of child support . . . trial court decisions in dissolution proceedings will seldom be changed on appeal."[9]

---

[4] Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994).

[5] Id.

[6] Westberg v. All-Purpose Structures, Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

[7] Matter of Marriage of Booth, 114 Wn.2d 772, 776, 791 P.2d 519 (1990).

[8] State ex rel. M.M.G. v. Graham, 159 Wn.2d 623, 633, 152 P.3d 1005 (2007) (quoting In re Marriage of Leslie, 90 Wn. App. 796, 802-03, 954 P.2d 330 (1998)).

[9] Booth, 114 Wn.2d at 776.

First, Khanof assigns error to the child support order because the trial court "ignor[ed] the fact that equal residential time incurs equal child expenses to both parties."[10]

Additionally, "RCW 26.19.075 gives the trial court discretion to deviate from the basic child support obligation based on a variety of factors, one of which is the amount of residential time the children spend with the parents."[11] But Khanof does not offer any authority or argument to establish that the court is required to deviate from the standard calculation when the parties have equal residential time.

Second, Khanof claims the trial court erred in imputing income to him because there is "no evidence of voluntary unemployment."[12]

A trial court calculates the child support obligation based on the combined monthly income of both parents.[13] A court will impute income to a parent for purposes of child support when the parent is voluntarily unemployed or underemployed.[14] "The court shall determine whether the parent is voluntarily underemployed or voluntarily unemployed based upon the parent's work history, education, health, and age, or any other relevant factors."[15]

---

[10] Appellant's Br. at 5.

[11] Graham, 159 Wn.2d at 636.

[12] Appellant's Br. at 9.

[13] In re Marriage of Pollard, 99 Wn. App. 48, 52, 991 P.2d 1201 (2000).

[14] RCW 26.19.071(6).

[15] Id.

But Khanof does not provide a record of the evidence before the trial court when it entered the child support order on June 13, 2016. In Khanof's motion to reconsider the parenting plan and child support order, Khanof admitted that he was unemployed and that he was "studying for his license exam" in July 2016.[16] Khanof claims "the court ignore[d] the fact that . . . [he] does not [work] due to the pertinent law which prohibits him from working in a profession which he is trained for."[17] But he provides no citation to the record or authority to support this argument. Khanof fails to identify any other evidence in the record he provided in opposition to the claim he was voluntarily unemployed.

Third, Khanof argues the trial erred when it imputed full-time income to him and part-time income to Javan. But Khanof's skimpy briefing is conclusory and does not identify any specific legal issue or cite any authority.

Finally, Khanof claims the court erred in underestimating Javan's income. The court imputed Javan's net monthly income at $2,040.93, or $17 an hour. Khanof argues the court should have imputed Javan's income at a higher amount given her psychology degree. But Khanof fails to provide any meaningful argument or citations to the record to support this claim.[18] Moreover, in the order

---

[16] Clerk's Papers (CP) at 207.

[17] Appellant's Br. at 8.

[18] Khanof attached an exhibit to his reply brief from the U.S. Bureau of Labor Statistics website showing the 2016 median hourly income for psychologists was $36.17. "Under RAP 9.11, we may take additional evidence, if among other bases, it is equitable to excuse a party's failure to present the evidence to the trial court." Boyd v. City of Olympia, 1 Wn. App. 2d 17, 35, 403 P.3d 956 (2017). Khanof fails to show how any of the criteria are satisfied, and we do not consider

dissolving the marriage, the trial court acknowledged, "Ms. Javan is currently working on obtaining a doctorate degree and is expected to finish in two years. Ms. Javan's income level should be reviewed in two years."[19]

We conclude Khanof fails to demonstrate any abuse of discretion in the child support order.

## II. Parenting Plan

Khanof also assigns error to various provisions of the parenting plan.

Trial courts have broad discretion in adopting a parenting plan, and we generally review such plans for abuse of discretion.[20] Appellate courts "are reluctant to disturb a child custody disposition because of the trial court's unique opportunity to personally observe the parties."[21] "The emotional and financial interests affected by such decisions are best served by finality. The spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court."[22]

---

this evidence. Harbison v. Garden Valley Outfitters, Inc., 69 Wn. App. 590, 593-94, 849 P.2d 669 (1993).

[19] CP at 189.

[20] In re Marriage of Littlefield, 133 Wn.2d 39, 46, 51-52, 940 P.2d 1362 (1997); In re Marriage of Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012).

[21] In re Marriage of Murray, 28 Wn. App. 187, 189, 622 P.2d 1288 (1981).

[22] In re Marriage of Kim, 179 Wn. App. 232, 240, 317 P.3d 555 (2014).

First, Khanof assigns error to the parenting plan because the trial court "did not take a fair position to alternate the custodian right between parties when both parent[s] are given equal residential time."[23]

Khanof cites RCW 26.09.285, which provides that "a parenting plan shall designate the parent with whom the child is scheduled to reside a majority of the time as the custodian of the child." He relies on the statute to argue the custodial right should alternate year to year because the parties share equal residential time. But his briefing is conclusory and does not cite any authority to support this argument.

Next, Khanof argues the exchange location provided in the parenting plan is unfair. He claims the location must be convenient for both parties. But he fails to provide any evidence in the record to establish that the current location was an abuse of discretion.

Third, Khanof argues "[t]he parenting plan order was not properly designed to appropriately solve the issues and prevent future conflicts."[24] He relies on RCW 26.09.184(2)[25] and (4)(b). Under RCW 26.09.184(2), a permanent parenting plan must "contain provisions for resolution of future disputes between the parents." Subsection (4)(b) provides "[t]he parents shall use the designated

---

[23] Appellant's Br. at 5.

[24] Id.

[25] Khanof cites to RCW 26.09.184(2), (6). It appears he meant to cite only to subsection (2), which addresses resolution of future disputes and not subsection (6), which addresses residential provisions.

process to resolve disputes relating to implementation of the plan."

Here, the parenting plan does contain a dispute resolution provision. Khanof claims this provision fails to prevent future conflicts because "there is no time for using dispute resolution process which also is very expensive for both parties."[26] Again, Khanof fails to present any meaningful argument or evidence to support his assertion that the current dispute resolution process is too time consuming or expensive. He has not established that the trial court abused its discretion in adopting the existing dispute resolution provision.

Khanof also claims the trial court erred in failing to prevent future conflict because it did not add a provision addressing the "transferring of child's stuff and transferring the parenting responsibility to other parent when one parent is not able to keep the child."[27] He cites no legal authority for such a proposition. His briefing is conclusory and entirely inadequate.

Finally, Khanof contends Javan "violated the [t]emporary parenting plan by registering the child in a preschool" without his consent.[28] Khanof did not designate the temporary parenting plan in either notice of appeal. Under RAP 2.4(b), we "will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is

---

[26] Appellant's Br. at 10.

[27] Id.

[28] Id. at 8.

8

made, before the appellate court accepts review." We decline to consider this issue because Khanof did not designated the temporary parenting plan and he fails to discuss RAP 2.4.

We conclude Khanof fails to demonstrate any abuse of discretion in the parenting plan.

IV. Order Compelling Discovery

Khanof also challenges the order compelling discovery. He argues the order "ignores CR 26 requirements" because Javan's attorney did not attempt to arrange a "mutually convenient" conference.[29]

We review a trial court's discovery orders for abuse of discretion.[30] Before a court will consider a motion to compel discovery, "the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone."[31]

On February 19, 2016, Javan's attorney e-mailed Khanof concerning interrogatories that were due on February 22, 2016. The e-mail stated, "In the event you do not serve your answers on that date, we will have a CR 26 conference on Tuesday, February 23, 2016 at 1:30 pm in my office."[32] On February 20, 2016, Khanof responded that if he was unable to answer the interrogatories by February 22, "we should schedule a *mutually convenient*

---

[29] Id. at 6-7.
[30] Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686, 694, 295 P.3d 239 (2013).
[31] CR 26(i).
[32] CP at 96.

conference."[33] Khanof asked Javan's attorney to give him some other options because he was not available on February 23.

Khanof claims a "mutually convenient conference is not possible to be arranged unilaterally."[34] Yet again, the record is minimal, his briefing is conclusory, and he provides no meaningful authority supporting an abuse of discretion.

We conclude Khanof fails to demonstrate any abuse of discretion in the order compelling discovery.

Therefore, we affirm.

WE CONCUR:

---

[33] CP at 139.

[34] Appellant's Br. at 11.