IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 79186-9-I |
| | ) | |
| SONIA BOUMIZA FRADI, | ) | DIVISION ONE |
| | ) | |
| Appellant, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | |
| | ) | |
| ANISS FRADI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | FILED: September 16, 2019 |

HAZELRIGG-HERNANDEZ, J. — Sonia Fradi seeks reversal of a final parenting plan, a child support order, and an order denying spousal maintenance, arguing that the trial court abused its discretion. Aniss Fradi challenges the trial court's order designating the child support obligee and obligor based on the residential location of the children. Because the trial court acted well within its broad discretion in applying the relevant statutes to the unique facts adduced at trial, we affirm.

## FACTS

Sonia Fradi and Aniss Fradi married in Tunisia August 1997.[1] They have two children together. The couple lived in the United States for the majority of their

---

[1] For clarity, the parties will be referred to by their first names. We intend no disrespect.

marriage. While on vacation in Tunisia, their marriage came to a breaking point. Aniss filed for divorce in Tunisia in the summer of 2016.

After Sonia returned to the United States, she filed a petition for legal separation in King County Superior Court in October 2016. She also filed a motion for temporary family law orders and a restraining order. The court granted a temporary parenting plan and support order, a restraining order, and spousal maintenance order in November 2016. The temporary parenting plan designated Sonia as the residential parent and provided a visitation schedule for Aniss.

Following entry of these orders Sonia unilaterally moved to Tunisia with the two children and remained there. She did not notify Aniss or the court of the move. In February 2017, the court suspended all of Aniss's support obligations and ordered that Sonia return with the children to the United States. The separation action was administratively dismissed in July 2017 by the court due to Sonia's failure to follow the case schedule.

Shortly after the dismissal, Aniss filed his own dissolution action. Default orders were entered in December 2017 due to Sonia's failure to respond. Sonia later moved to vacate the default orders which the trial court granted in part. The court maintained the legal dissolution of the marriage. The court further found that when Aniss filed his dissolution petition, the original legal separation should have been converted to a dissolution under the original case number. The court addressed this by consolidating the two cases. After the partial vacation of the default orders, a trial was set to determine asset and debt distribution, spousal maintenance, child support, and parenting plan.

The trial commenced in October 2018 and Aniss travelled across the country to appear with counsel. Despite the court's earlier admonition that she must appear in person, Sonia phoned in from Tunisia the morning of trial and moved to appear telephonically. Give the unique circumstances, the judge granted Sonia's request with conditions. There was a concern by both Aniss and the court that Sonia would be exposing the children to the trial due to her prior involvement of the children in court proceedings. Sonia represented herself at trial.

At trial Sonia offered no exhibits and her testimony was brief and offered minimal relevant support for her position. Aniss provided financial documentation via exhibits regarding maintenance and child support. Aniss testified about how Sonia's involvement of their daughters in the proceedings negatively impacted his relationship with them. Both parties testified that Aniss is currently paying Sonia support pursuant to a Tunisian court order, as well as providing for housing in Tunisia for Sonia and their daughters.

Twice during the trial another person's voice could be heard over the phone. Sonia denied there was anyone else present, stating that she was talking to herself. Despite the court's warning that Sonia's telephonic appearance was conditioned upon her promise that the children would not be present, both the judge and counsel for Aniss believed that the other person they heard was one of the daughters.

The trial court entered orders establishing Aniss as the residential parent and requiring no further spousal maintenance for Sonia. Child support payments were to be made based on locale of the child, with the parent who is not residing

with the children to provide child support to the parent with whom the children reside. Sonia timely appealed the parenting plan, maintenance order, and child support order. Aniss assigned error to the residential aspect of the child support order, arguing it was manifestly unreasonable to base the obligor/obligee designations on the locale of the children. Aniss alleged that the practical result of the support order is that it encourages Sonia to continue to violate the parenting plan for financial gain.

## DISCUSSION

I.   The temporary orders regarding maintenance and child support were terminated by operation of law.

Sonia asserts that it was improper for the temporary orders issued in October of 2016 to have been terminated and replaced with the final orders issued in conclusion of the trial in October 2018. RCW 26.09.060(10)(c) explicitly states that temporary orders will terminate "when the final decree is entered, except as provided under subsection (11) of this section, or when the petition for dissolution, legal separation, or declaration of invalidity is dismissed." The final orders of the trial court properly terminated and superseded all prior orders issued in this case.

II.   The trial court did not abuse it's discretion in the designation of Mr. Fradi as the residential parent.

A trial court's parenting plan is reviewed for abuse of discretion. In re Marriage of Littlefield, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). Abuse of direction

occurs when a trial court's decision is manifestly unreasonable or based on untenable grounds or reasons. Id. at 46—47. Findings of fact will be accepted as true by the reviewing court as long as they are supported by substantial evidence. Ferree v. Doric Co., 62 Wn.2d 561, 568, 383 P.2d 900 (1963). Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the matter asserted. King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd., 142 Wn.2d 543, 553, 14 P.3d 133 (2000). Orders in dissolution actions will rarely be changed due to the high burden on the spouse seeking appeal to show a manifest abuse of discretion by the trial court. In re Marriage of Bowen, 168 Wn. App. 581, 586, 279 P.3d 885 (2012).

The trial court record adequately supports its order limiting Sonia's parental involvement under RCW 26.09.191. In the extensive findings of facts and conclusions of law entered after trial, the court specifically identified the two subsections that it relied on in limiting Sonia's contact with her two children. The court noted its finding of abusive use of conflict and withholding the children. Both of these findings by the court are supported by the evidence admitted at trial.

At trial it was undisputed that Sonia had unilaterally moved the children to Tunisia without any discussion with Aniss or the court. Unrefuted testimony was provided by Aniss regarding how his daughters had become fearful of him due to Sonia's communication with them about the divorce. Additionally, there were moments during the trial, despite the court's order that Sonia not be near the children during the trial, when another individual's voice was heard over the phone. This was observed by both the judge and opposing counsel and the court was

unconvinced by Sonia's explanation that she was speaking to herself. Sonia also testified that she had previously brought the children to the first domestic violence protection order hearing. At the conclusion of trial, the court explicitly provided a review of RCW 26.09.187 and RCW 26.09.191 in order to make clear to the parties what factors the court relied on in issuing the final parenting plan.

In reviewing the trial court's decision for abuse of discretion this court looks to the factual findings and upholds them if they are supported by substantial evidence. Katare v. Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). Given the unrefuted evidence presented at trial, we find that the court did not abuse its discretion in entering an order designating Aniss as the residential parent due to Sonia's abusive use of conflict and unilateral withholding of the children by moving them to Tunisia.

III. The trial court did not abuse its discretion in its determination that no spousal maintenance be awarded.

We review the trial court order on spousal maintenance for abuse of discretion. The trial court's determination that no spousal maintenance be awarded to Sonia was adequately supported by the record. Spousal maintenance is within the sound discretion of the trial court and is not an inherent right. In re Marriage of Mueller, 140 Wn. App. 498, 510, 167 P.3d 568 (2007). The trial court properly utilized the statutory provisions provided in RCW 26.09.090. The findings of the trial court were supported by substantial evidence and do not constitute an abuse of discretion.

The trial court found that Aniss is already ordered to make monthly support payments to Sonia pursuant to a Tunisian court order, in addition to providing for Sonia's housing in Tunisia. This finding was supported by Aniss's testimony at trial. The court properly rejected Sonia's argument that the court should consider Aniss's decision to leave the marriage in evaluating whether to order spousal maintenance. Sonia testified that she was not currently working and the last job she had was a seasonal position at Macy's when she was residing in Washington. She offered no persuasive explanation for why she had not sought work since relocating to Tunisia. The trial court's finding that Sonia is voluntarily unemployed is supported by testimony of the parties at trial and the court properly applied the evidence to the statutory factors.

IV.    The trial court did not abuse its discretion in structuring the child support order.

A. The order of child support.

Child support orders are reviewed for an abuse of discretion. In re Marriage of Schnurman, 178 Wn. App. 634, 638, 316 P.3d 514 (2013). The legislative intent of enacting statutes to govern child support is "to insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001. Child support obligations are determined based on a standard calculation formula. State ex re. M.M.G. v. Graham, 159 Wn.2d 623, 627, 152 P.3d 1005 (2007). After the calculation is determined, the court will order a support

transfer payment, which is "the amount of money the court orders one parent to pay to another parent or custodian for child support after determination of the standard calculations and deviations." RCW 26.19.011(9).

In the present case, the judge followed the statutory procedure and exercised discretion as to how the payments would be ordered given the factual findings. No abuse of discretion occurred in the court's order of child support transfer payment's being required of Sonia to Aniss. The support order properly reflected the residential schedule that was ordered in conjunction.

B. Use of locale of the children to determine the obligee/obligor of child support

In his response brief, Aniss assigns error to the trial court's order that the obligee/obligor of child support is dependent upon where the children reside. Specifically, Aniss argues that this language in the order encourages Sonia to continue to withhold the children from him, in violation of the parenting plan, in order to reap financial gain through child support payments. Aniss recognized that the intentions of the trial court are sound, but challenges the practical effect. We hold that the trial court did not abuse its discretion when structuring the support order in this manner as the court clearly recognized the difficult factual scenario of this case.

The court's findings demonstrate that the parenting plan is structured in the best interest of the children, but the findings and conclusions about the marriage specifically states "[b]ecause the children are with the mother and child support is

designed to support the children, the father will pay the mother for support of the children pursuant to the separate child support order entered herein." The legislative intent of providing for child support payments is to "adequate[ly] . . . meet a child's basic needs." RCW 26.19.001. In establishing a mechanism for enforcement of child support orders, the legislature expressly stated "[t]his chapter shall be liberally construed to assure that all dependent children are adequately supported." RCW 26.18.030(3). This language regarding enforcement of support orders provides that the court's practical imposition of support payments based on where the children actually reside is within the court's discretion.

V.     Attorney's Fees

In response to Sonia's filings, Aniss argues this appeal is frivolous and he should be awarded attorney's fees. Under RAP 18.9(a), we may award attorney's fees incurred by a prevailing party in responding to a frivolous appeal. Stiles v. Kearney, 168 Wn. App. 250, 267–68, 277 P.3d 9 (2012) (awarding fees where the arguments "fail because they either lack merit, rely on a misunderstanding of the record, require a consideration of evidence outside the record, or are not adequately briefed."). An appeal is frivolous if it presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no reasonable possibility of reversal. In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). Any doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. Pub. Emps. Mut. Ins. Co. v. Rash, 48 Wn. App. 701, 706, 740 P.2d 370 (1987).

Sonia's appeal asserts that the court abused its discretion in issuing the final orders after trial and that the temporary orders should still be effective. This claim is has no merit as the temporary orders terminated by operation of law. Temporary orders are just that, temporary. Orders entered after trial may or may not mirror the terms of the earlier temporary orders, but that is wholly dependent on the facts determined at trial. The final orders here differ from the earlier temporary orders because Sonia failed to present adequate evidence at trial to support her desired outcome with regard to residential placement of the children, child support and spousal maintenance, but this does not render them invalid.

Sonia was provided ample opportunity to be heard in the trial court, despite her repeated disregard for the court's orders. The court clearly recited the precise statutes it relied upon and the specific findings on which the orders were based. There was no reasonable basis to claim that the court abused its discretion in issuing any of its final orders. Even viewing the assignments of error in the light most favorable to the appellant there was no reasonable chance of reversal. The appeal is frivolous and attorney's fees are awarded to Aniss.

Affirmed.

WE CONCUR:

- 10 -