[No. 29228-5-I. Division One. January 10, 1994.]

ANTHONY BULZOMI, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Norman W. Cohen* and *Cohen & Keith-Miller, Inc. P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Loretta A. Vosk, Assistant,* for respondent.

AGID, J. — Anthony Bulzomi appeals the trial court's denial of his motion for a new trial. Bulzomi moved for a new trial on the ground that the court's failure to give his proposed jury instructions deprived him of the opportunity to argue his theory of the case. We find no error and affirm.

In 1963, Bulzomi was injured and filed an industrial insurance claim with the Department of Labor and Industries (DLI). The claim was accepted by DLI and Bulzomi was awarded benefits. On November 5, 1976, DLI closed Bulzomi's claim with time-loss compensation as paid to March 4, 1976, and gave him a permanent partial disability award of 45 percent of the maximum allowable for unspecified disabilities. On November 22, 1976, Bulzomi filed an application to reopen the claim for aggravation of condition which DLI denied on February 17, 1977.

Bulzomi filed a second reopening application on November 8, 1977. On March 2, 1979, this application was also denied. Bulzomi appealed the March 2, 1979, order. DLI reopened the claim for further treatment, reinstated Bulzomi's time-loss compensation and paid him time-loss compensation retroactively from November 8, 1977.

The claim was closed again on September 6, 1983, without further award for permanent partial disability. Bulzomi appealed this order and on September 26, 1983, DLI modified its order from final to interlocutory and allowed the claim to remain open for treatment. Bulzomi's time-loss compensation was reinstated.

On June 23, 1987, DLI terminated the time-loss compensation, with the last payment being June 19, 1987. On June 29, 1987, DLI closed the claim with time-loss compensation as paid to June 19, 1987, and without further award for time-loss compensation or permanent partial disability, thus leaving Bulzomi's award at 45 percent of the maximum allowable for unspecified disabilities. Bulzomi appealed both these orders.

The industrial appeals judge issued a proposed decision and order on December 12, 1988. The judge affirmed the DLI orders of June 23 and June 29, 1987. The judge found that as

of February 17, 1977, Bulzomi's impairment caused by the industrial injury was consistent with 45 percent of the maximum allowable for unspecified disabilities. She also found that, between February 17, 1977, and June 29, 1987 (the two terminal dates of the time-loss compensation award), Bulzomi's condition had been temporarily, but not permanently, aggravated. Bulzomi's petition for review by the Board of Industrial Insurance Appeals was denied.

Bulzomi appealed to the superior court and tried his case before a jury. The jury found that the Board erred in finding no permanent worsening in Bulzomi's condition between February 17, 1977, and June 29, 1987. It determined that Bulzomi's permanent impairment had increased by 20 percent, from 45 to 65 percent of the maximum allowable for unspecified disabilities. Bulzomi moved for a new trial. The motion was denied and the trial court entered judgment on the jury verdict. The claim was remanded to DLI with instructions to increase Bulzomi's permanent partial disability benefits from 45 percent to 65 percent. This appeal followed.

As a preliminary matter, we address the issue of whether Bulzomi's case is properly presented on appeal. RAP 9.6(b) (1)(F) requires that the clerk's papers, at a minimum, shall include "any jury instruction given or refused which presents an issue on appeal". Bulzomi makes three assignments of error. Two are based on proposed jury instructions and one is based on a proposed jury verdict form, none of which was included in the appellate record. The party seeking review has the burden of perfecting the record so that the reviewing court has before it all of the relevant evidence. *State v. Vazquez*, 66 Wn. App. 573, 583, 832 P.2d 883 (1992). An insufficient record on appeal precludes review of the alleged errors. *Allemeier v. UW*, 42 Wn. App. 465, 472-73, 712 P.2d 306 (1985), *review denied*, 105 Wn.2d 1014 (1986). Bulzomi has failed to provide this court with an adequate record on review.

Additionally, Bulzomi's statement of facts and argument section do not conform to the Rules of Appellate Procedure. RAP 10.3(a)(4) requires that "[r]eference to the record must

be included for each factual statement." Bulzomi's brief only loosely complies with this rule; some factual statements are supported by references to the record, others are not. Portions of Bulzomi's brief also fail in many instances to comply with RAP 10.4(f), which requires that references to the record "designate the page and part of the record".[1]

■ Although DLI has moved to strike portions of Bulzomi's brief pursuant to RAP 10.7, we decline to do so because we do not find it would be a profitable use of the court's time or of the parties' resources to require Bulzomi's attorney to amend or rewrite the brief. Additionally, notwithstanding Bulzomi's failure to comply with the Rules of Appellate Procedure, we find we can decide this case on its merits without the jury instructions in the record.[2]

■ We next address the substantive issue on appeal: did the trial court err in refusing to give Bulzomi's requested jury instructions? The refusal to give a requested instruction is reviewed for abuse of discretion. *Thomas v. Wilfac, Inc.*, 65 Wn. App. 255, 828 P.2d 597, *review denied*, 119 Wn.2d 1020 (1992). Instructions are sufficient if they correctly state the law, are not misleading and they permit the parties to argue their respective theories of the case. *Codd v. Stevens Pass, Inc.*, 45 Wn. App. 393, 396, 725 P.2d 1008 (1986), *review denied*, 107 Wn.2d 1020 (1987). A party has a right to have his or her theory of the case presented to the jury if there is substantial evidence to support it. *Codd*, 45 Wn. App. at 403.

Bulzomi contends that the trial court erred in not instructing the jury that the case should be treated as an appeal from two different DLI orders and that the issues on appeal differ.[3] The first proposed instruction would have had the

---

[1]This is the second brief Bulzomi has submitted to this court. His first brief was stricken for failure to comply with RAP 10.4(f) and RAP 10.3(a).

[2]After oral argument, DLI informed the court that it has no objection to the wording of the instructions as submitted by Bulzomi. Thus, even if we do consider the proposed instructions, we do not do so over the objection of the opposing party.

[3]He also contends the trial court erred in refusing to submit his proposed jury verdict form to the jury. That verdict form is not discussed in Bulzomi's brief and

jury decide, with respect to the June 23, 1987, order terminating Bulzomi's temporary total disability benefits with payment through June 19, 1987, whether his inability to work as a result of his industrial injury was permanent as of June 19, 1987. The second proposed instruction would have had the jury treat the appeal from the order dated June 29, 1987, as an aggravation case and direct the jury to decide the extent of his permanent worsening, if any, between February 17, 1977, and June 29, 1987.

Bulzomi's theory of the case is that it involves two separate appeals that should be considered separately. The June 23, 1987, order, which terminated his time-loss compensation, he maintains, was incorrect in that it found his disability to be temporary rather than permanent. The June 29, 1987, order, which found there was no aggravation of his condition, he maintains was incorrect in that his condition had been aggravated. The essence of his argument is that review of the first order required the jury to determine whether he was permanently disabled as of June 19, 1987 (the date his time-loss compensation was terminated). He argues that if the jury, in reviewing the first decision, found he was totally permanently disabled as of June 19, 1987, he would have been relieved of the burden of proving that his condition worsened, which was the aggravation issue involved in the second order. He argues that the case was erroneously treated as an aggravation case, and he was required to show that his injury had worsened between February 19, 1977, and June 29, 1987 (the terminal dates of his time-loss compensation award).

Bulzomi is asking this court to hold that an award of time-loss compensation (an implicit finding of total temporary disability) is res judicata as to the character of the disability.[4]

---

it is not addressed here. See State v. Despenza, 38 Wn. App. 645, 648, 689 P.2d 87 (court does not need to consider assignments of error not supported by authority or argument), review denied, 103 Wn.2d 1005 (1984).

[4]Time-loss compensation under RCW 51.32.090 provides benefits where a worker is temporarily totally disabled. Thus, an award of time loss compensation admits of temporary total disability at the time of the award, as DLI concedes. A time-loss award does not, as Bulzomi argues, collaterally estop DLI from arguing that he was not totally disabled at a later time when it terminated the award.

Bulzomi argues that because the award of time-loss compensation establishes that he was temporarily totally disabled, he need only show that he has become permanently totally disabled. According to this argument, it would follow that because DLI found Bulzomi to be totally disabled between the terminal dates of his time-loss compensation award he is thereby relieved of proving that his disability has become aggravated and only need prove that the duration of the disability has changed from temporary to permanent.

■ We hold that Bulzomi was not entitled to an instruction that would have precluded DLI from arguing that his disability had lessened between the terminal dates of his time-loss compensation award.[5] Although an award of time-loss compensation, by definition, is a finding that a worker is temporarily, totally disabled at the time of the award, it does not follow that the worker continues to be totally disabled throughout the award period. It is equally logical to assume that, because the worker receives treatment during this period, the condition on which the time-loss compensation award is based has improved, thus lessening the degree of disability.

Bulzomi also assigns error to the court's failure to instruct the jury that a permanent partial disability award of 45 percent of the maximum allowable for unspecified disabilities represents a disability equivalent to 45 percent of the amputation value of an arm. He argues that failure to give this instruction left the jury with no guidance as to what an unspecified disability, the type of disability involved in Bulzomi's case, actually means.

---

[5] In *Dinnis v. Department of Labor & Indus.*, 67 Wn.2d 654, 409 P.2d 477 (1965), the Supreme Court held that "the burden of proving a claimed disability to be greater on the last terminal date than on the first terminal date is upon the claimant". *Dinnis*, 67 Wn.2d at 656. Although *Dinnis* does not directly address the issue of whether an award of time-loss compensation between terminal dates renders the character of the disability res judicata, the case does support DLI's position that Bulzomi should not be relieved of his burden of proving an aggravation of his condition.

The version of RCW 51.32.080(1) in effect at the time of Bulzomi's injury provided a method for computing award amounts for unspecified injuries by reference to awards for specified injuries which most closely resemble the unspecified injury. Laws of 1961, ch. 274, § 3; former RCW 51.32-.080(2). The instruction actually given to the jury explained the computation of unspecified injury awards under the current version of RCW 51.32.080(1) and provided the jury adequate information to assess the extent of Bulzomi's disability. We hold that the trial court did not err in giving this instruction in lieu of the one proposed by Bulzomi.

■ DLI argues that Bulzomi failed to properly preserve his exception regarding this proposed instruction for appeal. CR 51(f) requires that an objector "state distinctly the matter to which he objects and the grounds of his objection, specifying the number, paragraph or particular part of the instruction to be given or refused and to which objection is made." Failure to comply with this rule precludes review of the issue on appeal. *Pannell v. Food Servs. of Am.*, 61 Wn. App. 418, 445, 810 P.2d 952, 815 P.2d 812 (1991), *review denied*, 118 Wn.2d 1008 (1992). Our review of the record indicates that although Bulzomi's exception was rather general, it was sufficient to preserve the issue for appeal. An objection to an instruction has been preserved for appeal when the trial court indicates its awareness of the issue and the nature of the objection. *Dever v. Fowler*, 63 Wn. App. 35, 42, 816 P.2d 1237, 824 P.2d 1237 (1991), *review denied*, 118 Wn.2d 1028 (1992). The trial court's response to Bulzomi's exception indicates that it was aware of the issue and the nature of Bulzomi's objection.

■ We hold that the trial court committed no error in refusing Bulzomi's proposed instructions. Even assuming, however, that the court had erred, its decision would not be reversible because Bulzomi was not prejudiced. Even if an instruction is misleading and therefore erroneous, it will not require reversal unless prejudice is shown. Error is not prej-

udicial unless it affects or presumptively affects the outcome of the trial. *Thomas v. French*, 99 Wn.2d 95, 104, 659 P.2d 1097 (1983). Bulzomi provides no support for his argument that the court's refusal to give his proposed instructions prejudiced him. The jury ultimately found that the Board had erred in finding no aggravation of Bulzomi's condition and returned a verdict increasing his permanent partial disability award by 20 percent. Bulzomi argues that he was prejudiced by not being able to present his theory of the case to the jury (that he was permanently and totally disabled as of June 19, 1987). In reaching its verdict, the jury found that Bulzomi had not become totally and permanently disabled between February 19, 1977, and June 29, 1987. Implicitly, the jury must have found that Bulzomi was not totally and permanently disabled on June 19, 1987, because it falls between those two dates. Thus, the jury did consider and reject this portion of Bulzomi's argument.

Additionally, although the trial court did not instruct the jury to treat the case as one involving two separate appeals, the jury was instructed that two orders were on appeal. The jury was also instructed as to the difference between partial and total disability, and between permanent and temporary disability. Finally, as discussed above, the instruction regarding the computation of unspecified injury awards provided the jury with adequate guidance to determine the extent of Bulzomi's disability. In view of the instructions given to the jury, Bulzomi was not prevented from arguing his theory of the case and he was not prejudiced by the court's refusal to give his proposed instructions.

■ Because we hold the court did not err in instructing the jury, it follows that Bulzomi has not been prejudiced by the trial court's action. The grant or denial of a motion for a new trial is a matter within the trial court's discretion and will not be disturbed absent a showing of a clear abuse of that discretion. *Kramer v. J.I. Case Mfg. Co.*, 62 Wn. App. 544, 561, 815 P.2d 798 (1991). A trial court does not abuse

its discretion in refusing to grant a new trial where no error has been committed or prejudice shown.

We affirm.[6]

WEBSTER, C.J., and GROSSE, J., concur.

Reconsideration denied February 16, 1994.

---

[6]Because we affirm the trial court, we necessarily deny Bulzomi's request for attorney fees under RCW 51.52.130, which authorizes recovery of attorney fees by a prevailing party on appeal in industrial insurance claims.