FILED
COURT OF APPEALS
DIVISION II

2014 SEP -3  AM 3: 23

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of | No. 44762-2-II |
| JAMELL COLLINS, | |
| Appellant, | |
| and | |
| ARLENE COLLINS, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Jamell Collins appeals the trial court's findings[1] designating Arlene Collins as the primary residential parent of their child, I.C., because the findings do not follow the recommendations of the appointed guardian ad litem (GAL). Jamell's claims are without merit, and we affirm the trial court.

## FACTS

Jamell[2] and Arlene Collins were married in August 2008 and separated in September 2010. Jamell filed for dissolution of the marriage in February 2012. The primary issue in the dissolution trial was the parenting plan involving their child, I.C., who was three years old at the time. Both Jamell and Arlene testified at trial. The GAL also testified at trial.

---

[1] Jamell did not designate the trial court's findings of fact as clerk's papers on appeal. He did, however, attach the trial court's findings to his notice of appeal. We will consider the trial court's findings as part of the record on appeal. *See* RAP 2.4, 9.6(b)(1)(C).

[2] We use the parties' first names for clarity and mean no disrespect by doing so.

The GAL testified that he did not feel that Jamell engaged in an abusive use of conflict, although he did state "it could be argued that [Jamell's actions] amounted to abusive use of conflict." 1 Report of Proceedings (RP) at 18. The GAL also testified that both parents could properly care for I.C. Ultimately, the GAL recommended that Jamell be designated the primary residential parent.

After trial, the trial court entered detailed findings of fact. The trial court found "the testimony of Arlene Collins credible and the testimony of Jamell Collins not credible." Clerk's Papers (CP) at 99. The trial court reiterated this finding throughout its order. The trial court also found (1) that Jamell intentionally and with malice made material representations to mislead the trial court, (2) that Jamell intentionally and with malice aforethought refused to abide by a lawful court order granting Arlene residential time, (3) that Jamell interfered with Arlene's relationship with I.C., and (4) that Jamell engaged in an abusive use of conflict which created the danger of serious damage to the child's psychological development. The trial court supported these findings with a nonexhaustive list of material misrepresentations Jamell made to the court.

The trial court also made detailed findings regarding the factors in RCW 26.09.187(3).[3] The trial court found that I.C. was strongly bonded with both parents, and this factor weighed

---

[3] RCW 26.09.187(3) states:
> (a) The court shall make residential provisions for each child which encourage each parent to maintain a loving, stable, and nurturing relationship with the child, consistent with the child's developmental level and the family's social and economic circumstances. The child's residential schedule shall be consistent with RCW 26.09.191. Where the limitations of RCW 26.09.191 are not dispositive of the child's residential schedule, the court shall consider the following factors:
> (i) The relative strength, nature, and stability of the child's relationship with each parent;

equally between the parents. The trial court also found that Jamell and Arlene had previously agreed to share parenting responsibilities, that Jamell abrogated this agreement in bad faith, and that this factor weighed in favor of Arlene because she continually "attempted to share the parenting of the child and to foster a positive parent-child relationship between the child and Jamell Collins." CP at 106. The trial court determined that while Arlene had some instability issues in the past affecting parenting functions, those instability issues had been remedied to allow her to fully meet the needs and parenting functions relating to I.C., and that this factor weighed in favor of Arlene being the primary residential parent. The trial court then considered the emotional needs and developmental needs of the child and found that it is in I.C.'s best interest to have substantial contact with both parents, but that this factor weighed in favor of Arlene because of the trial court's duty to minimize the child's exposure to harmful parental conflict. The trial court recognized that the child had a relationship with the child of Jamell's fiancé, but that this factor weighed in favor of Arlene because Arlene lived with her parents and near Jamell's parents, which allowed I.C. to maintain relationships with both sets of

---

(ii) The agreements of the parties, provided they were entered into knowingly and voluntarily;

(iii) Each parent's past and potential for future performance of parenting functions as defined in RCW 26.09.004(3), including whether a parent has taken greater responsibility for performing parenting functions relating to the daily needs of the child;

(iv) The emotional needs and developmental level of the child;

(v) The child's relationship with siblings and with other significant adults, as well as the child's involvement with his or her physical surroundings, school, or other significant activities;

(vi) The wishes of the parents and the wishes of a child who is sufficiently mature to express reasoned and independent preferences as to his or her residential schedule;

(vii) Each parent's employment schedule and shall make accommodations consistent with those schedules.

Factor (i) shall be given the greatest weight.

3

grandparents. The trial court substantially adopted the wishes of Arlene with regard to the residential schedule because Jamell lacked credibility. And, the trial court found that both Jamell and Arlene had employment schedules that allowed them to parent I.C. and that this factor weighed equally between both parents

Based on its findings, the trial court designated Arlene as the "primary parent." CP at 105. Jamell appeals.

## ANALYSIS

Jamell argues that the trial court erred by designating Arlene as the primary parent and by finding that Jamell engaged in abusive use of conflict. Specifically, he argues that the trial court erred because the guardian ad litem (GAL) recommended that I.C. live with Jamell and the GAL stated that there was no abusive use of conflict. We affirm the trial court.

As an initial matter, Jamell has failed to designate the final parenting plan as part of the record on appeal. Accordingly, we are necessarily limited in the scope of our review. *Bulzomi v. Dep't of Labor & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994) (holding that it is the appellant's responsibility to perfect the record on appeal). We recognize that the trial court's oral ruling has been provided to the court, but a trial court's oral ruling is relevant only so far is it aids us in interpreting an ambiguous written order. *State v. Hescock*, 98 Wn. App. 600, 605-06, 989 P.2d 1251 (1999). Based on the limitations presented by the record, our review is limited to the question of whether the trial court abused its discretion by disregarding the GAL's finding that there was no abusive use of conflict and the GAL's recommendation that Jamell be designated the primary residential parent.

We review decisions regarding parenting plans for an abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). The trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons. *Littlefield*, 133 Wn.2d at 46-47. We defer to the trial court on witness credibility and the persuasiveness of the evidence. *In re Marriage of Akon*, 160 Wn. App. 48, 57, 248 P.3d 94 (2011). Further, the trial court may disregard the GAL's recommendations if other evidence does not support them or if it finds other evidence more convincing. *Fernando v. Nieswandt*, 87 Wn. App. 103, 107, 940 P.2d 1380, *review denied*, 133 Wn.2d 1014 (1997).

Jamell argues that the trial court abused its discretion by disregarding the GAL's findings and recommendations because the GAL was a neutral party. But this argument rests on the credibility and the strength of the evidence, two issues solely within the purview of the trial court. Here, the trial court made detailed findings supporting the reasons for its decision. And these findings were based on explicit credibility findings. Moreover, the trial court's findings are not wholly contrary to the GAL's recommendations. The GAL recommended that Jamell be designated the primary residential parent solely because I.C. had been living with him. However, the evidence also showed, and the trial court found, that had Jamell honored the parenting agreement, there would have been equal residential arrangements. Also, the GAL did not say that Arlene could not or should not be designated as the primary residential parent. The GAL testified that Jamell did not engage in abusive use of conflict. However, he also recognized that Jamell's actions could be considered abusive use of conflict and left it to the court to make the ultimate decision on that finding. Accordingly, we cannot say that the trial court abused its discretion by failing to follow the recommendations of the GAL.

No. 44762-2-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, P.J.

_____
Melnick, J.

6