# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JAMES ENGLE, an individual,

               Respondent,

      v.

JAY DEE MILLER, and his separate
property only,

               Appellant,

      and

JANIS DEE MILLER, as wife and
the marital community composed
thereof,

               Defendant.

No. 70609-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 10, 2014

TRICKEY, J. — The amount of damages is a question of fact to be decided by the fact finder, and will not be disturbed so long as the award is within the range of substantial evidence in the record. Because Jay Dee Miller fails to show that the trial court's award was not based on substantial evidence, we affirm.

## FACTS

The facts surrounding the incident at issue here are derived from the unpublished opinion of this court affirming Miller's conviction for first degree assault with a firearm, State v. Miller, noted at 161 Wn. App. 1011, 2011 WL 1459805. Miller allowed James Engle, an acquaintance, to live temporarily in a trailer on Miller's property. Because the trailer did not have a bathroom or running water, Engle frequently visited Miller's house. On September 2, 2009, during one such visit, the two men got into an argument. According to Engle, Miller said, "'Now you're dead, fucker' and shot Engle twice" with a handgun. Miller, 2011 WL

1459805, at *1. One of the bullets grazed Engle's shoulder; the other struck him in the back of the head, producing entry and exit bullet wounds.

Engle sued Miller, alleging causes of action for assault and battery. On November 7, 2012, the trial court granted Engle's motion for summary judgment on the issue of liability and awarded Engle $8,837.00 in medical expenses. The case proceeded to a bench trial on the issue of general damages. The trial court heard the testimony of two witnesses, including Engle, and reviewed 11 exhibits, including Engle's hospital records and photographs of his wounds. The trial court awarded Engle $145,000.00 in general damages and entered a judgment against Miller for the total amount of $153,837.00. Miller appeals the trial court's award of general damages only.

## ANALYSIS

A fact finder has discretion to award damages within the range of competent evidence in the record. Mason v. Mortg. Am., Inc., 114 Wn.2d 842, 850, 792 P.2d 142 (1990). This court will not disturb an award of damages made by the fact finder unless it is "outside the range of substantial evidence in the record, or shocks the conscience, or appears to have been arrived at as the result of passion or prejudice." Mason, 114 Wn.2d at 850.

Citing Bunch v. King County Department of Youth Services, 155 Wn.2d 165, 176, 116 P.3d 381 (2005), Miller suggests that our review of the trial court's award should be de novo. But Bunch is clear that the de novo standard of review applies only when the trial court remits a jury's award. 155 Wn.2d at 176. Because here

there was no remittitur by the trial court, abuse of discretion is the appropriate standard of review. Bunch, 155 Wn.2d at 175.

The question is therefore whether the amount was outside the range of substantial evidence. Miller asserts that the evidence was insufficient to support an award of $145,000.00 because Engle's wounds were merely superficial and Engle did not exhibit any emotional distress when he was initially admitted to the hospital.

However, in the absence of a full and complete trial record, it is not possible to review the challenged evidence in the context of the rest of the evidence presented. Miller failed to provide a verbatim report of proceedings of the trial and designated only one exhibit comprising Engle's hospital records from September 2 and 3, 2009. The trial minutes show there was evidence presented from which the trial court was "satisfied that the Plaintiff suffers from migraines, experiences 'white flashes,' has a heightened level of distrust and nervousness, has generally withdrawn from daily activities, and has suffered . . . physical damages related to the scarring."[1] A party seeking review bears the burden of perfecting the record on appeal, and an insufficient appellate record precludes review of the alleged errors. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994); see also RAP 9.2(b) ("If the party seeking review intends to urge that a verdict or finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed verdict or finding."). Absent an affirmative showing of error, we presume a trial court's decision to be correct. State

---

[1] Clerk's Papers at 39.

3

v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999).  Because the record is insufficient to show the award was outside the range of substantial evidence, we affirm the judgment of the trial court.

Trickey, J

WE CONCUR: