# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| AVA LEVINE, | ) | No. 73559-4-I |
| Respondent, | ) ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| CREATIVE CHANGE COUNSELING, INC., FOREST WOODLEY, SILVA BELL-WOODLEY, husband and wife, and the marital community thereof, | ) ) ) ) ) | |
| Appellants, | ) ) | |
| DAN OWENS, JANE DOE OWENS, and the marital community thereof, JANET WHITE, JOHN DOE WHITE, and the marital community thereof, | ) ) ) ) ) | |
| Defendants. | ) | FILED: August 8, 2016 |

TRICKEY, A.C.J. — A party seeking appellate review must provide a record sufficient to review the issues raised on appeal. On appeal, Creative Change Counseling Centers challenge evidentiary rulings and the sufficiency of the evidence to support the trial court's decision. Because the record is inadequate to review these claims, we affirm.

## FACTS

On June 17, 2015, Creative Change Counseling Centers, Inc., Sylvia Bell-Woodley, and Forest Woodley (collectively CCCC), defendants below, filed a notice of appeal challenging an adverse judgment of about $363,000 entered in favor of Ava Levine. Following a bench trial, the trial court found that CCCC violated the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, when it demoted and then terminated Levine.

In the statement of arrangements, counsel for CCCC ordered transcription of the verbatim report of proceedings. See RAP 9.2(b). Counsel later informed the court that CCCC would not be providing a verbatim report of proceedings. Counsel then designated a total of 21 pages of clerk's papers, consisting of the clerk's minute entries, a one-page witness record, and a list of the trial exhibits. The record does not include the exhibits themselves.

On appeal, CCCC challenges the sufficiency of the evidence to support the trial court's finding of discrimination, the amount of damages, and proximate cause. CCCC also claims the trial court should have excluded evidence of special and general damages.

The appellant has the burden to provide a record sufficient to review the issues raised on appeal. Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988). "If the party seeking review intends to urge that a verdict or finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed verdict or finding." RAP 9.2(b).

CCCC has not provided a verbatim report of proceedings or any record of the evidence before the trial court. Consequently, we cannot review the evidentiary basis for the trial court's finding of discrimination and the other challenged findings. Nor can we review CCCC's apparent challenge to the trial court's evidentiary rulings. Because CCCC failed to provide a relevant appellate record, the factual allegations in its brief are unsupported by any reference to the record, in violation of RAP 10.3(a)(6) (party must support arguments in brief with

"references to relevant parts of the record").[1] CCCC's failure to provide an adequate record precludes any meaningful appellate review. See Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994).

Levine requests an award of attorney fees on appeal. Under RCW 49.60.030(2), a successful plaintiff who also prevails on appeal is entitled to an award of reasonable attorney fees and costs on appeal. Martini v. Boeing Co., 137 Wn.2d 357, 377, 971 P.2d 45 (1999). Levine is therefore awarded reasonable attorney fees and costs on appeal, payable by CCCC, subject to compliance with RAP 18.1. Levine's request for the imposition of CR 11 sanctions against counsel for CCCC is denied.

Affirmed.

Trickey, ALJ

WE CONCUR:

Cox, J.

Becker, J.

---

[1] The respondent's brief also refers to documents outside of the record on appeal, in violation of RAP 10.3(a)(6).