# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| BECKY DEVELLE, | ) | No. 75995-7-I |
| Appellant, | ) | |
| v. | ) | |
| LANDON POPPLETON, | ) | UNPUBLISHED OPINION |
| Respondent. | ) | FILED: February 27, 2017 |

2017 FEB 27 AM 10:02 COURT OF APPEALS DIV I STATE OF WASHINGTON

VERELLEN, C.J. — Becky Develle appeals the trial court's CR 12(b)(6) dismissal of her claims against Dr. Landon Poppleton based on his quasi-judicial immunity. Her complaint alleged that in a dissolution proceeding, Dr. Poppleton performed a negligent parenting evaluation and participated in a civil conspiracy against her that resulted in the loss of custody of her children. Because Dr. Poppleton has quasi-judicial immunity from Develle's claims, we affirm.

## FACTS

In August 2014, Becky Develle filed a complaint for damages, personal injuries, and wrongful death against Dr. Landon Poppleton. In her complaint, Becky alleged that in 2011, "the Superior Court of Clark County, WA, appointed by order of the court, Defendant, LANDON POPPLETON, to conduct a Bilateral Parenting Evaluation Plan in order to protect the best interests of the children involved in a custody dispute."[1]

---

[1] Clerk's Papers (CP) at 30.

Develle alleged that Dr. Poppleton "breached his Fiduciary Duties as entrusted by this Honorable Court to protect the children involved in the dispute by recommending a custody placement with a neglectful parent."[2] She also alleged that Dr. Poppleton participated in a civil conspiracy against her that resulted in the loss of custody of her children, and that Dr. Poppleton's conduct amounted to gross negligence. Becky blamed Dr. Poppleton for the subsequent suicide of her son.

In November 2014, Dr. Poppleton filed a CR 12(b)(6) motion to dismiss Develle's claims based upon his quasi-judicial immunity. On December 10, 2015, Deville filed a "second amended complaint," adding Dr. Poppleton's wife and his employer NW Family Psychology, LLC as defendants.[3] In her second amended complaint, Develle deleted her allegation that Dr. Poppleton "was appointed by order of the court," and instead alleged "the parties entered into an arrangement in which defendant, LANDON POPPLETON, would conduct a Bilateral Parenting Evaluation Plan in order to protect the best interests of the children involved in a custody dispute."[4] On December 11, 2015, the trial court granted Dr. Poppleton's motion and dismissed Develle's claims.

Develle appeals.

### ANALYSIS

Develle contends the trial court erred by dismissing her claims against Dr. Poppleton based upon his quasi-judicial immunity. We review a CR 12(b)(6)

---

[2] CP at 31.

[3] CP at 9-11.

[4] CP at 10.

dismissal de novo.[5] "'Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove any set of facts which would justify recovery.'"[6] The court assumes the truth of all facts alleged in the complaint and may consider hypothetical facts supporting the plaintiff's claim.[7] But if a plaintiff's claim remains legally insufficient even under hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate.[8]

Immunity from suit provides "'an entitlement not to stand trial or face the other burdens of litigation.'"[9] The common law provides judges with absolute immunity for acts performed within their judicial capacity.[10] "Quasi-judicial immunity 'attaches to persons or entities who perform functions that are so comparable to those performed by judges that it is felt they should share the judge's absolute immunity while carrying out those functions.'"[11] Functions integral to judicial proceedings include judging, advocating, fact finding, and testifying.[12]

---

[5] <u>FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.</u>, 180 Wn.2d 954, 962, 331 P.3d 29 (2014).

[6] <u>Id.</u> (internal quotation marks omitted) (quoting <u>Tenore v. AT&T Wireless Servs.</u>, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998)).

[7] <u>Id.</u>

[8] <u>Id.</u> at 963.

[9] <u>Janaszak v. State</u>, 173 Wn. App. 703, 712, 297 P.3d 723 (2013) (internal quotation marks omitted) (quoting <u>Feis v. King County Sheriff's Dep't</u>, 165 Wn. App. 525, 538, 267 P.3d 1022 (2011)).

[10] <u>Id.</u> at 719.

[11] <u>Reddy v. Karr</u>, 102 Wn. App. 742, 748, 9 P.3d 927 (2000) (quoting <u>Lutheran Day Care v. Snohomish County</u>, 119 Wn.2d 91, 99, 829 P.2d 746 (1992)).

[12] <u>Gilliam v. Dep't of Soc. & Health Servs.</u>, 89 Wn. App. 569, 583-84, 950 P.2d 20 (1998).

RCW 26.12.050(1)(b) authorizes a superior court to appoint investigators and other personnel that the court finds necessary to carry on the family court's work. The court's work includes making temporary and permanent decisions about parenting plans and custody of children.[13] Court-appointed investigators and evaluators provide the court with information as the court deems necessary to resolve parenting controversies between divorcing parents.[14] The court appoints these investigators and evaluators, who serve at the court's pleasure.[15]

In Reddy v. Karr,[16] a court commissioner appointed a King County Family Services employee during a dissolution proceeding to investigate which of two parents should receive custody of their child. The mother sued the investigator, alleging that the investigator performed a negligent parenting evaluation.[17] This court affirmed the trial court's grant of summary judgment, concluding that the investigator was entitled to quasi-judicial immunity because she acted as an "arm of the court" in carrying out her court-ordered investigation.[18] This court noted that immunity applied even though the investigator had no decision-making authority or capacity to affect her recommendations; the court retained sole responsibility for making parenting plan decisions.[19]

---

[13] RCW 26.12.190(1).

[14] RCW 26.12.190(2).

[15] RCW 26.12.050(3).

[16] 102 Wn. App. 742, 745, 9 P.3d 927 (2000).

[17] Id. at 747.

[18] Id. at 749.

[19] Id. at 750.

Although Develle's second amended complaint alleges "the parties entered into an arrangement in which" Dr. Poppleton "would conduct a Bilateral Parenting Evaluation Plan," her opening appellate brief[20]—consistent with her original complaint[21]—acknowledges the existence of a court order approving a bilateral parenting evaluation by Dr. Poppleton. On its face, that is sufficient to trigger quasi-judicial immunity. Consistent with Reddy, the court here appointed Dr. Poppleton to assist the court in developing a parenting plan. Because Dr. Poppleton acted as an "arm of the court" to perform the evaluation of the parents, he is entitled to quasi-judicial immunity against Develle's claims.

Although she makes no such allegation in her complaint, Develle argues the court order did not grant any authority to Dr. Poppleton to conduct the parenting evaluation. But Develle failed to designate the court order as part of the record on appeal. It is the appellant's burden to perfect the record on appeal so that we have before us all the information and evidence relevant to the issues raised.[22] Even under the generous CR 12(b)(6) standard, the contents of a court order are not hypothetical facts. In the absence of the court order, Develle's lack of authority argument is not compelling. We also note that the record before us does not reflect whether Develle's

---

[20] Appellant Br. at 8-9 ("When the lower court entered an order on April 29, 2011, ordering the parties to undergo a custody evaluation, with Poppleton as the evaluator . . . .).

[21] CP at 30-32.

[22] See RAP 9.2(b); Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994).

5

purported "second amended complaint" was actually a first or second amended complaint, and therefore, whether it was properly before the trial court.[23]

Therefore, because Dr. Poppleton is entitled to quasi-judicial immunity, we affirm.

WE CONCUR:

---

[23] In his appellate briefing, Dr. Poppleton claims, "According to the case docket, Develle also filed an Amended Complaint . . . . [T]he amended pleading was improper, never received or responded to by Dr. Poppleton, and not designated or referenced by Develle." Respondent's Br. at 15, n.1. Generally, CR 15(a) would require court approval for a second amended complaint. It does not appear Develle obtained such approval.