# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of | No. 50989-0-II |
| WYATT POWELL, | |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| MONIQUE POWELL, | |
| Appellant. | |

CRUSER, J. — Monique Powell appeals from an order of child support. Monique[1] argues that (1) the trial court improperly computed Wyatt Powell's income because it did not include his overtime income in his income calculation under RCW 26.19.071(3)(e),[2] (2) his overtime income fails to meet the exception under RCW 26.19.071(4)(i),[3] and (3) the trial court abused its discretion by awarding less than reasonable attorney fees. We hold that Monique failed to provide us with a

---

[1] Because the parties share the same last name, we use first names to avoid any confusion.

[2] RCW 26.19.071(3)(e) provides monthly gross income shall include, inter alia, overtime, except as excluded for income in subsection (4)(i) of this section.

[3] RCW 26.19.071(4)(i) provides that overtime income from second jobs beyond 40 hours per week averaged over a 12-month period worked to provide for a current family's needs, to retire past relationship debts, or to retire child support debt, when the court finds the income will cease when the party has paid off his or her debts.

sufficient record to establish that the trial court abused its discretion when computing Wyatt's income and awarding attorney fees. Thus, we affirm.

FACTS

Wyatt and Monique married in 2013 and divorced in 2017. They had one child together. During their marriage, Wyatt worked full time and Monique stayed home with their child and her child from a previous relationship.

Wyatt submitted his 2015 and 2016 W-2s to the trial court as income information to be used to calculate his support obligation. Monique requested the trial court to also consider Wyatt's 2017 pay stubs when calculating his support obligation. Wyatt's 2017 pay stubs reflected a significantly higher gross monthly income due to overtime income payments. The trial court denied Monique's motion to consider the 2017 pay stubs.

Wyatt submitted a proposed child support worksheet that based his child support obligation on his 2016 W-2, which provided a gross monthly income of $7,117. In response to Wyatt's gross monthly income of $7,117, Monique all but conceded that Wyatt's 2016 W-2 included overtime income:

> The court indicated at trial that it would be unlikely to include overtime and this may be a *non-issue* since the worksheets provided by Mr. Powell start with [a] gross income of $7,117, and that's his *total 2016 earnings* divided by 12 as shown on W-2's provided. It's not clear where Mr. Powell's worksheet numbers come from, but it seems he's just divided all 2016 income by 12 months, *so maybe overtime isn't an issue.*
> . . . .
> Mr. Powell's worksheets start with an income of $7,117, and again, that seems to be 1/12th of the gross income for 2016 as shown on the W-2's Mr. Powell presented (the W-2 presumably includes 2016 overtime).

Clerk's Papers (CP) at 98, 105 (emphasis added).

To the extent that Monique expressed confusion, it was because in her view, "it's not clear what part of [Wyatt's] 2016 income was overtime and what part regular earnings." CP at 98-99.

At trial, the court had reserved the child support issue for a later hearing. At the post-decree child support hearing, the trial court found Wyatt to be the obligor parent and set Wyatt's gross income at $7,117 per month.

Monique requested that the trial court award attorney fees based on her financial need and Wyatt's ability to pay. The trial court awarded a portion of the attorney fees that Monique requested.

Monique appeals from the order of child support and attorney fees award. Monique requests that this court remand to recalculate the parties' child support obligations and Monique's attorney fee award.

ANALYSIS

Monique argues that the trial court abused its discretion by excluding Wyatt's overtime income from his income calculation as required by RCW 26.19.071(3)(e). Wyatt argues that Monique did not provide this court with an adequate record to consider her appeal because she did not provide the record of the verbatim report of proceedings. Because the limited record provided by Monique fails to support her assignments of error, we affirm.

As a party seeking review, the appellant has the burden to perfect the record so that the reviewing court has all evidence relevant to the issues presented. RAP 9.2(b). An "insufficient record on appeal precludes review of the alleged errors." *Bulzomi v. Dep't of Labor & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994). If an incomplete record fails to affirmatively establish

an abuse of discretion, we may affirm the challenged decision if the incomplete record is sufficient to support the decision. *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012).

## I. COMPUTING INCOME

Monique argues that the trial court abused its discretion by excluding Wyatt's overtime income from his income calculation. Wyatt argues that this court should decline to review Monique's alleged error because Monique failed to provide a verbatim report of proceedings for the hearing where the trial court ruled that it was not including his overtime in Wyatt's income calculation, which leaves this court with no means for reviewing the trial court's findings and conclusions supporting its ruling regarding Wyatt's income calculation. Alternatively, Wyatt argues that the trial court did not abuse its discretion by refusing to consider Wyatt's overtime income when calculating his income for child support purposes.

We review child support orders for an abuse of discretion. *In re Marriage of Schnurman*, 178 Wn. App. 634, 638, 316 P.3d 514 (2013). The party challenging the trial court's decision has the burden of demonstrating that the trial court manifestly abused its discretion. *In re Marriage of Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011).

Because Monique is presenting this issue for review, she has the burden of providing an adequate record. *In re Marriage of Stenshoel*, 72 Wn. App. 800, 803, 866 P.2d 635 (1993); RAP 9.2(b). In her statement of arrangements, Monique represents that "no transcript is necessary" because the "issues raised in this appeal are legal questions decided by the trial court on a motions calendar at which no testimony was taken." Statement of Arrangements, *In re Marriage of Powell*, No. 50989-0-II, at 1 (Wash. Ct. App. December 7, 2017). In effect, Monique asks us to rely almost

entirely on the parties' trial court briefs to glean information that she presents as settled fact to this court.

The limited record provided by Monique does not, however, establish that the trial court abused its discretion. As noted above, Monique complains that the trial court abused its discretion by declining to include Wyatt's overtime income in its basic income calculation. Monique's argument fails because Monique admits that the trial court's income calculation in the final support order—$7,117 per month—*includes* the overtime Wyatt earned in 2016. Monique's memorandum regarding child support states that the monthly income amount derived from Wyatt's 2016 W-2, $7,117, represents Wyatt's "total 2016 earnings divided by 12" and further states that Wyatt's 2016 W-2 presumably includes 2016 overtime, so it may be a nonissue. CP at 98. Monique reiterates later in her memorandum that the $7,117 per month "presumably includes 2016 overtime." CP at 105. A review of Monique's memorandum regarding child support suggests that her true complaint to the trial court was its decision to base Wyatt's income calculation on his total 2016 earnings rather than his earnings from the first half of 2017—an issue to which she does *not* assign error in this appeal.

The trial court determined child support obligations after trial in a separate hearing. However, Monique did not submit the verbatim report of proceedings of the child support hearing. Without the verbatim report of proceedings, the record on appeal does not contain the trial court's reasoning or basis for calculating Wyatt's income, which would include a discussion of the purported overtime issue as well as the court's oral ruling. And based on the record that has been submitted to us, the trial court did not exclude Wyatt's overtime income from his income calculation. Therefore, the record fails to establish that the trial court abused its discretion.

Having failed to demonstrate error based on the limited record she provided, Monique's claim fails. Therefore, we affirm the trial court.

## II. ATTORNEY FEES

Monique argues that the trial court abused its discretion when awarding her attorney fees because the trial court based the award amount on an incorrect calculation of Wyatt's income. Monique also requests an award for attorney fees on appeal. We affirm the trial court's attorney fees award and deny Monique's request for fees on appeal.

We review an award of attorney fees for an abuse of discretion. *In re Marriage of Laidlaw*, 2 Wn. App. 2d 381, 392, 409 P.3d 1184, *review denied*, 190 Wn.2d 1022 (2018). RCW 26.09.140 gives courts discretion to award attorney fees based on the financial need of the requesting party and the opposing party's ability to pay. *Laidlaw*, 2 Wn. App. 2d at 392. In awarding fees on appeal, we examine the merit of the issues on appeal in addition to the financial resources of each party. *In re Marriage of Griffin*, 114 Wn.2d 772, 779, 791 P.2d 519 (1990).

The trial court granted in part Monique's request for attorney fees based on her financial need and Wyatt's ability to pay. Monique's declaration established her financial need due to her modest income. The child support order shows that Wyatt earns a significantly higher income. However, Monique did not submit a verbatim report of proceedings, and we have no written findings on the issue of attorney fees in the record. Therefore, we do not have an adequate record to determine whether the trial court abused its discretion. We affirm the trial court's attorney fees award.

Regarding attorney fees on appeal, RAP 18.1(c) requires a party requesting attorney fees to serve and file a financial affidavit of financial need 10 days prior to the date the case is set for

consideration on the merits. Because Monique did not file a financial affidavit of financial need, we deny Monique's request for award of attorney fees on appeal.

We affirm the trial court's attorney fees award and deny Monique's request for attorney fees on appeal under RAP 18.1.

CONCLUSION

Monique fails to establish that the trial court abused its discretion when calculating Wyatt's income for purposes of child support and awarding attorney fees. Accordingly, we affirm the trial court's order of child support and attorney fees award and deny Monique's request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

LEE, A.C.J.