## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

SAMUEL F. VALDEZ,

Appellant,

v.

WAHKIAKUM COUNTY,

Respondent.

No. 57807-7-II

UNPUBLISHED OPINION

VELJACIC, A.C.J. — Samuel Valdez appeals the trial court's order on in camera review denying his Public Records Act (PRA), chapter 42.56 RCW, request to view the prosecutor's investigative file related to his criminal conviction. The trial court found that the materials in the file were exempted from the PRA request as attorney work product. Valdez argues that the prosecutor failed to comply with the PRA and that the trial court improperly ruled that the investigative file was exempt under the PRA.

We hold that Valdez failed to provide a record upon which we can review his claims. Accordingly, we affirm the trial court's order.

FACTS

Valdez was convicted of attempting to hire someone to murder his ex-wife, burning down his neighbor's home because their testimony was damaging to his position in his divorce, and committing crimes related to his illegal marijuana business. *State v. Valdez*, No. 48740-3-II

(Wash. Ct. App. June 27, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2048740-3-II%20Unpublished%20Opinion.pdf.

Valdez submitted a PRA request to the county auditor for the criminal investigative file from his case. The auditor forwarded Valdez's PRA request to the office of the prosecuting attorney, which claimed that the information in the file was exempt as attorney work product. Valdez requested that the trial court conduct an in camera review of the file to determine whether the materials were exempt.

The trial court performed an in camera review and ruled that the materials in the investigative file were exempted under the PRA. Specifically, the trial court ruled that the materials "would properly be classed as either (1) *mental impressions of the attorney* ([*Pappas v. Holloway*, 114 Wn.2d 198, 787 P.2d 30 (1990)]); or; (2) *notes or memoranda prepared by the attorney from oral communications* ([*Id.*, and/or *Dever v. Fowler*, 63 Wn. App. 35, 816 P.2d 1237 (1991)])." Clerk's Papers at 332 (emphases in original) (footnote omitted). The trial court concluded the file was exempt from disclosure under the PRA. Valdez appeals.

## ANALYSIS

I.     STANDARD OF REVIEW

We review agency action taken or challenged under RCW 42.56.030 through .520 of the PRA de novo. RCW 42.56.550(3). Here, Valdez does not expressly assign error to any findings of fact. We treat unchallenged findings of fact as verities on appeal. *Real Carriage Door Co., Inc. ex rel. Rees v. Rees*, 17 Wn. App. 2d 449, 457, 486 P.3d 955 (2021).

II.     LEGAL PRINCIPLES

The party seeking review has the burden to perfect the record so that, as the reviewing court, we have all relevant evidence before us. *Bulzomi v. Dep't of Lab. & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994). An insufficient appellate record precludes review of the alleged errors. *Id.* Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

III.    TRIAL COURT ORDER

Valdez argues that the prosecutor violated the PRA by not releasing its investigatory file, and the trial court improperly ruled that the file was exempt from disclosure. We interpret his claim to be, in light of his citation to RCW 42.56.210(3), that he was entitled to "a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW 42.56.210(3). We hold that Valdez failed to provide a record upon which we can review the prosecution's response and the trial court's order de novo.

Our record contains seven pages of clerk's papers, comprised of Valdez's civil complaint filed in Superior Court and the trial court's order that is the subject of this appeal. While it appears Valdez also designated a significant portion of other material as clerk's papers, that material is not in our court file. Significantly absent from the record is the prosecution's response to Valdez's public records request. Accordingly, we cannot engage in de novo review of that response.

## CONCLUSION

We affirm the trial court's order on in camera review denying Valdez's PRA request.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Price, J.

Che, J.