IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Domestic Violence Protection Order for<br><br>ANDREW M. BARTMANN,<br><br>                         Respondent,<br><br>       and<br><br>KATHLEEN A. FLURY,<br><br>                       Appellant. | No. 86971-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Andrew Bartmann and Kathleen Flury were in a relationship between January 2022, and early 2024. They share one child. In June 2024, Bartmann obtained a domestic violence protection order (DVPO) against Flury. Flury appealed pro se, alleging the trial court erred when it granted Bartmann's DVPO because (1) insufficient evidence existed to establish that she posted a credible threat of violence or harm, (2) insufficient evidence existed to support a finding that she was the aggressor, and (3) the court failed to consider Bartmann's prior abusive behavior. Bartmann did not file a response. Because Flury failed to provide a sufficient record for review on appeal, we affirm.

FACTS

Andrew Bartmann and Kathleen Flury met and began dating in January 2022. In June 2022, Bartmann was arrested for domestic violence after an observer saw Bartmann and Flury arguing and called law enforcement. Flury

told law enforcement she did not want to seek a domestic violence protection order (DVPO).  At the time, Flury was two months pregnant with Bartmann's child.

In September 2023, Flury was arrested for domestic violence against Bartmann, and their child was taken into protective custody.  In response to the incident, the commissioner in Flury and Bartmann's Department of Children, Youth & Families (DCYF) case requested Flury complete a domestic violence (DV) assessment.

The report stated that Flury described being mentally and physically abused by Bartmann, beginning in March 2022.  It indicated that Flury was the perpetrator of domestic violence as well.  The report noted, "Flury appears to struggle with emotional regulation, dominates conversations and attempts to coerce others to get what she wants."  It documented verbal abuse by both Flury and Bartmann and noted that, "[t]he family has come to the attention of Law Enforcement due to domestic violence and substance use in three different states within the first year of their son's life."  The report concluded by summarizing Flury's abusive behaviors, noting Flury "presents with a high degree of abusive behavioral patterns and cognitive distortions that require treatment intervention."

In March 2024, Bartmann moved for a protection order against Flury.[1]  Flury filed several declarations in response, one of them contending Bartmann

---

[1]  Flury does not provide Bartmann's protection order in the record, but her declaration states the petition was filed on March 24, 2024.

was requesting the protection order "so he can use it against me at his will." The court held its first hearing on May 16, 2024. Because of technical difficulties, the court could not hear arguments from both parties and continued the proceeding. The court asked Flury and Bartmann whether either of them would have an issue with it attaching Bartmann's petition to its order so both parties would have a copy. Both parties consented. The court held a second hearing on May 30, 2024, where both of the parties made statements. When asked about the DV assessment, Flury noted she had completed it but it was not yet available. The court determined it would be helpful to have the assessment and continued the hearing.

The hearing reconvened on June 20, 2024. Both parties reiterated their arguments from the previous hearing. After hearing from both Bartmann and Flury, the court noted that "the evidence in the record is, frankly, overwhelming as to both parties having committed domestic violence against each other." While the court found Flury was the victim of domestic abuse, it also found Bartmann's testimony credible and granted the protection order. The court noted that "[w]hether Respondent, Ms. Flury, chooses to go file her own petition against Mr. Bartmann, that—that's up to her." Flury appeals pro se.

ANALYSIS

Flury claims the trial court erred when it granted the DVPO because (1) insufficient evidence existed to establish that she posed a credible threat of violence or harm, (2) insufficient evidence existed to support a finding that she was the aggressor, and (3) the court failed to consider Bartmann's prior abusive

3

behavior.  Bartmann did not file a response.  We conclude that Flury failed to perfect the record, which precludes us from reviewing her appeal.

An appellant seeking review "has the burden of perfecting the record so that the reviewing court has before it all of the relevant evidence." *Bulzomi v. Dep't of Lab. and Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994). RAP 9.6(c)(1)(C) requires the appellant to designate the petition in a civil case. When an appellant fails to include all relevant documents on appeal, the court is precluded from reviewing the alleged errors.  *Bulzomi*, 72 Wn. App. at 525-526. Pro se litigants are subject to the same procedural and substantive laws as litigants who seek assistance of counsel.  *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

Here, Flury challenges the court's decision to grant Bartmann's DVPO, but Flury does not provide Bartmann's petition in the record.  Without Bartmann's petition, we are unable to review all of the evidence the trial court reviewed before making its findings and entering the order.  Because Flury failed to provide a sufficient record for review, we must affirm.

We affirm.

_Smith, J._

WE CONCUR:

_Birk, J._          _Chung, J._

4