IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| YANG LONG,<br><br>        Respondent,<br><br>    v.<br><br>JUN SUN,<br><br>        Appellant. | No. 86962-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Jun Sun challenges provisions of a final parenting plan that allow Yang Long equal residential time and sole decision-making authority for their children's healthcare despite express findings that she had committed domestic violence. Former RCW 26.09.191 (2021)[1] required the court to establish limitations on Long's residential time and award only sole decision-making. The court complied with these requirements. Therefore, we affirm.

FACTS

Yang Long and Jun Sun married in December 2010 and have two children. Long filed a petition for dissolution in 2022. In their respective pleadings, both parties raised allegations of domestic violence, requested restrictions under former RCW 26.09.191, and asked to be the parent with whom the children reside a majority of the time.

---

[1] LAWS OF 2021, ch. 215, § 134.

After a lengthy trial, the court entered findings of fact and conclusions of law stating that Sun committed a singular act of domestic violence and Long had committed multiple acts. The court found that Long "committed acts of domestic violence by inflicting fear of harm upon the children, and the children and Mr. Sun were in fear of her." Additionally, the court determined that Long has a long-term impairment that interferes with parenting functions, noting her "inability to regulate her emotions in a way that impacted her parenting," and "mental health challenges." The court noted Long's inability to control her emotions "became worse, leading to acts of pushing . . . and criminal charges of domestic violence against her." The trial court stated it would keep these findings in mind to "enter a residential schedule for the children that is in their best interests and complies with the mandatory language of RCW 26.09.191."

The final parenting plan imposed restrictions on Long under former RCW 26.09.191 based on "a history of domestic violence as defined in RCW 7.105.010," and "a long-term emotional or physical problem that interferes with her ability to parent." The parenting plan provides that "[t]he children shall reside with the parties 50/50" but imposed limitations on Long's contact with the children, requiring her to obtain new domestic violence and psychological evaluations and comply with all treatment recommendations. Any failure to comply with the evaluations and treatment recommendations would result in a change from 50/50 residential time to supervised visitation for four hours every Saturday and Sunday. Due to the restrictions under former RCW 26.09.191, the trial court also ordered sole, rather than joint, decision-making authority for major

decisions, assigning decisions for education and extracurriculars to Sun and non-emergency healthcare decisions to Long.

The court entered the final parenting plan, final order of child support, findings and conclusions about the marriage, and the final dissolution order in June 2024. Sun appeals.

DISCUSSION

Sun challenges the trial court's award of "equal parenting time" and decision-making for healthcare to Long despite finding that she committed multiple acts of domestic violence. Sun also claims the court erred by denying entry of a restraining order against Long and denying his request for attorney fees.

We review a trial court's parenting plan for abuse of discretion. In re Marriage of DeVogel, 22 Wn. App. 2d 39, 45, 509 P.3d 832 (2022). A trial court abuses its discretion if the decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard." Id. at 47.

I. Limitations on Residential Time

Sun argues that the trial court abused its discretion by granting Long equal residential time despite finding a history of domestic violence and "dysregulated mental health." Sun also claims that the court failed to make findings in support of equal residential time.

When determining each component of a parenting plan, a trial court must consider the impact of any restrictions imposed under RCW 26.09.191. See RCW 26.09.187. The court must establish limitations on a parent's residential time with a child if it finds "that the parent has engaged in . . . a history of acts of domestic violence as defined in [RCW 7.105.010]." Former RCW 26.09.191(2)(a)(iii). While restrictions are mandatory, "[t]he statute does not specify what the limitations on the abusive parent's residential time must be and instead allows for a flexible approach that may be tailored to the specific case at hand." In re Marriage of French, 32 Wn. App. 2d 308, 316, 557 P.3d 1165 (2024). These restrictions

> shall be reasonably calculated to protect the child from the physical, sexual, or emotional abuse or harm that could result if the child has contact with the parent requesting residential time. The limitations shall also be reasonably calculated to provide for the safety of the parent who may be at risk of physical, sexual, or emotional abuse or harm that could result if the parent has contact with the parent requesting residential time. The limitations the court may impose include, but are not limited to: Supervised contact between the child and the parent or completion of relevant counseling or treatment.

Former RCW 26.09.191(2)(m)(i). Thus, while the trial court split residential time equally and did not limit the time the children would reside with Long, it ordered Long to undergo new mental health and domestic violence evaluations and comply with all treatment recommendations. Former RCW 26.09.191(2)(m)(i) expressly contemplates "completion of relevant counseling or treatment" as a possible limitation a court may impose to comply with the requirement of mandatory restrictions. Here, the court explained that it ordered unsupervised residential time rather than first requiring new evaluations and treatment because

"Ms. Long has shown a commitment to follow through on court orders and/or has taken the steps of doing all assessments pre-trial," and "she's followed all assessments and recommendations."[2] But any failure to fulfill the court-ordered requirements would result in the severe limitation of supervised weekend visitation in lieu of equal residential time. Thus, the court's limitations specifically address the issues outlined in the findings of fact—Long's history of domestic violence and her emotional dysregulation. Because the court conditioned residential time on Long's completion of evaluations and any recommended treatment, in accord with the mandatory yet flexible nature of former RCW 26.09.191(2)(m)(i), it did not abuse its discretion in imposing these conditions as limitations.

## II. Sole Decision-Making

A trial court's imposition of restrictions under former RCW 26.09.191 also impacts the allocation of decision-making authority in the parenting plan. Former RCW 26.09.191(1) states that "[t]he permanent parenting plan shall not require mutual decision-making . . . if it is found that a parent has engaged in . . . a history of acts of domestic violence as defined in [RCW 7.105.010]." The plain language of the statute prohibits mutual decision-making but does not forbid the court from giving decision-making authority to a parent with a history of domestic violence. In re Marriage of Hannah and McAdams, 27 Wn. App. 2d 577, 587, 541 P.3d 372 (2023). Here, the trial court divided decision-making between the

---

[2] The court made these statements as part of a lengthy oral ruling. The trial court's oral statements and decisions may be used to supplement its written findings. Lawrence v. Lawrence, 105 Wn. App. 683, 686, 20 P.3d 972 (2001).

parents, giving Sun sole authority over educational and extracurricular decisions and Long sole authority over healthcare decisions. This assignment complies with the prohibition on joint decision-making in former RCW 26.090.191(1).

Sun contends that the trial court erred by granting Long sole decision-making on healthcare after finding that she committed domestic violence and without making any findings on the record to support the decision. But contrary to Sun's contention, when discussing the assignment of decision-making authority, the court noted, "I have every belief that Ms. Long and Mr. Sun, they're both invested in making the right decisions for their children." With respect to granting Long the authority for healthcare decisions, the court specifically stated, "The healthcare decisions I am awarding to Ms. Long. I do believe that she is acting from a place of appropriate decision making for the children." Thus, as the trial court had already made findings as to Long's history of domestic violence, it clearly considered her ability to make appropriate decisions for the children before granting such authority. Sun does not provide any legal or factual argument to demonstrate that the trial court's assignment of decision-making authority was an abuse of discretion.

III.  Restraining Order and Attorney Fees

Sun asserts that the trial court erred by failing to issue a restraining order against Long and award him attorney fees for Long's intransigence. We review a trial court's decisions on restraining orders and attorney fees for abuse of discretion. See Prussak v. Prussak, 27 Wn. App. 2d 451, 457, 536 P.3d 199 (2023) (whether to issue a protective order is reviewed for an abuse of

discretion); In re Marriage of Bobbitt, 135 Wn. App. 8, 29-30, 144 P.3d 306 (2006) (decision on award of attorney fees is a matter of trial court discretion and reviewed for abuse of that discretion).

Here, the record on appeal does not include the motions that requested a restraining order and attorney fees, nor the legal argument or evidence in support of these requests. As the appellant, Sun has the burden of presenting a record adequate for review of his appeal. St. Hilaire v. Food Servs. of Am., Inc., 82 Wn. App. 343, 352, 917 P.2d 1114 (1996). "An insufficient record on appeal precludes review of the alleged errors." Bulzomi v. Dep't of Lab. & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). Without a record of Sun's arguments to the trial court, we cannot assess whether the trial court's challenged decisions were in error.

IV. Attorney Fees on Appeal

Long requests an award of reasonable fees and expenses on appeal under RAP 18.1, RCW 26.09.140, and "taxable costs under RAP 14.2-14.4 as permitted by the rule." Because Long is self-represented, she is not entitled to a fee award on appeal. See In re Marriage of Brown, 159 Wn. App. 931, 938-39, 257 P.3d 466 (2011). We also deny her request for costs.

CONCLUSION

Affirmed.

_Chung, J._

WE CONCUR:

Díaz, J.